## CIRCUIT COURT OF THE CITY OF RICHMOND

Cheryl Domen

v.

Harvey J. Sugarman

November 27, 2000

Case No. LF-624

BY JUDGE RANDALL G. JOHNSON

This action is before the court on defendant Harvey J. Sugarman's motion for sanctions under Va. Code § 8.01-271.1. A hearing was held on November 13.

Cheryl Domen filed this action on March 16, 1999. Named as defendants were John Kellum, M.D., and Harvey J. Sugarman, M.D. Plaintiff alleged that while being treated by Kellum, a general surgeon, Kellum initiated and continued a physical and intimate relationship with her. Sugarman was alleged to have been Kellum's partner and supervisor. The seven count motion for judgment, which claimed that Sugarman knew or should have known about Kellum's actions but took no steps to adequately investigate or stop them, alleged negligence and civil conspiracy against both defendants, and negligent infliction of emotional distress, intentional infliction of emotional distress, negligent transmission of a sexually transmitted disease, intentional transmission of a sexually transmitted disease, and assault and battery against Kellum only. A demurrer to the conspiracy count was sustained in January 2000, leaving as plaintiff's only claim against Sugarman her claim of negligence. That claim was nonsuited by order entered August 24, 2000. On September 13, 2000, less than 21 days after entry of the nonsuit order, the court granted Sugarman's motion to suspend execution of the nonsuit order. *See Smith v. Stanaway*, 242 Va. 286, 289, 410 S.E.2d 610 (1991) (Where court did not vacate or suspend final order within 21 days of its entry, it was

without jurisdiction to award sanctions after such 21-day period). On October 31, 2000, the court entered an agreed order dismissing with prejudice all of plaintiff's claims against Kellum. Only Sugarman seeks sanctions.

Sugarman's request for sanctions is based on his contention that plaintiff and her lawyer did not have sufficient facts to include him in this lawsuit and that plaintiff and her lawyer never made any effort to obtain facts to support her claims against Sugarman after the lawsuit was filed. So far as is pertinent here, Va. Code § 8.01-271.1 provides:

> Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record . . . .
>
> The signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. . . .
>
> An oral motion made by an attorney or party in any court of the Commonwealth constitutes a representation by him that (i) to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (ii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

In *Oxenham v. Johnson*, 241 Va. 281, 402 S.E.2d 1 (1991), the Supreme Court of Virginia discussed at some length the policy considerations involved

in requests for sanctions under § 8.01-271.1. Among its observations were the following:

> The possibility of a sanction can protect litigants from the mental anguish and expense of frivolous assertions of unfounded factual and legal claims and against the assertions of valid claims for improper purposes. And, sanctions can be used to protect courts against those who would abuse the judicial process. Yet the threat of a sanction should not be used to stifle counsel in advancing novel legal theories or asserting a client's rights in a doubtful case. Finally, courts should take care that the litigation of a sanction issue does not itself defeat one purpose of Code § 8.01-271.1, that of reducing the volume of unnecessary litigation.

241 Va. at 286.

After considering the above factors in the case-at-bar and in light of the pleadings, arguments, and representations of counsel, the court will not impose sanctions here. The court's reasons follow.

First, the court does not believe that even a colorable claim for sanctions has been made out for the initial filing of this lawsuit against Sugarman. From the allegations of the motion for judgment, which have never been tested by the presentation of evidence for or against them, plaintiff was tortiously taken advantage of by her treating physician for illicit sexual purposes. She thought that she had a right to sue that treating physician, and she suspected that she had a right to sue his partner and supervisor. She is not an attorney, and she did not file suit *pro se*. Instead, she did what nearly all attorneys and judges would recommend a person do when he or she has a questionable legal claim: she consulted a lawyer. Because some of her claims involved events that had occurred almost two years before she consulted the lawyer, the lawyer filed suit almost immediately and without an opportunity to conduct an extensive investigation. The court is unwilling to hold that a lawyer, or the client who has consulted the lawyer, is liable for sanctions under § 8.01-271.1 in such a situation. In fact, a lawyer who does not take immediate steps to protect the interest of a client or potential client, or at least advise the client or potential client of what steps need to be taken to protect those interests, probably has not fulfilled his or her ethical and moral duty to that client or potential client. In any event, awarding sanctions under such circumstances would undoubtedly have a chilling effect on other lawyers seeking to protect the rights of their actual and prospective clients. The court will not do so.

Sugarman also argues that plaintiff and her counsel had a continuing duty to investigate plaintiff's claim *after* suit was filed and that their failure to do so subjects them to sanctions. In *Oxenham, supra,* the Court stated that while § 8.01-271.1 imposes no continuing duty upon a lawyer to "update his pleadings in light of any new findings," *quoting Pantry Queen Foods v. Lifschultz Fast Freight,* 809 F.2d 451, 454 (7th Cir. 1987), "[t]he duty of reasonable inquiry arises *each time* a lawyer files a 'pleading, motion, or other paper' or makes 'an oral motion'." 241 Va. at 287-88 (emphasis in original). Thus, to paraphrase *Oxenham,* if plaintiff or her lawyer had filed any paper or made any motion in the case *after* they knew, or reasonably should have known, that they could not create a factual issue of Sugarman's involvement in Kellum's conduct, the court would now be justified in imposing a sanction against them. *Id.* No sanction is appropriate.

From a purely technical standpoint, an examination of the record in this action shows that plaintiff did not file any substantive pleading, motion, or other paper with regard to Sugarman at any time after suit was filed and before the nonsuit against Sugarman was taken. While plaintiff did file a written opposition to defendant Kellum's demurrer, no such opposition was filed with regard to Sugarman's demurrer. The court also does not consider plaintiff's motion for a protective order intended to limit disclosure of her medical records, or plaintiff's joining with defendants in a joint motion for a continuance to be the type of substantive motion contemplated by § 8.01-271.1 as interpreted by *Oxenham.* Thus, the court does not believe that plaintiff or her attorney has technically violated the terms of the sanctions statute.

More importantly, the court cannot say, based on the record before it, that plaintiff or her attorney has violated even the spirit of the sanctions statute. In this regard, Sugarman's request for sanctions is based on the fact that plaintiff's deposition testimony and answers to interrogatories show that even after suit was filed, she and her lawyer never learned any facts to suggest that Sugarman was liable to plaintiff under any cause of action set out in the motion for judgment. Even if that is true, however, sanctions are not appropriate. Evidence is presented at trial, not in discovery. The fact that plaintiff had not discovered evidence in her favor at the time she responded to discovery does not mean that she might not be able to present such evidence when the case was tried. Indeed, in light of the fact that deposition testimony cannot be the basis for summary judgment, it would be cruelly ironic if such testimony could form the basis for sanctions. Moreover, assuming that Sugarman is correct and plaintiff and her lawyer found out that there was absolutely no evidence that Sugarman did anything at all wrong, plaintiff and

her attorney did what the court believes was reasonable: they took a voluntary nonsuit. What more could they do? When a person files a suit in good faith, which the court has found this plaintiff did, and later learns that the suit has no merit, he or she has three options. He or she can allow the case to go to trial, thereby needlessly increasing the costs for all parties. He or she can dismiss the case with prejudice, meaning that even if favorable evidence is later discovered the case is over. Or he or she can take a voluntary nonsuit, thereby ending the pending case, but keeping alive — at least for a while — the possibility that favorable evidence will be found. A lawyer who advises any course of action but the latter may not be acting in the best interests of the client.

The court also rejects Sugarman's argument that plaintiff's failure to conduct formal discovery somehow shows bad faith sanctionable under § 8.01-271.1. The court does not know why plaintiff did not conduct discovery. It could be that she could not afford it or that she and her lawyer learned through other means that they could not make out a case against Sugarman, and that formal discovery would do nothing but increase both parties' litigation costs. No evidence was presented at the sanctions hearing. The court will not speculate.

For the foregoing reasons, Sugarman's request for sanctions will be denied.