## CIRCUIT COURT OF ROCKINGHAM COUNTY

Rockingham Petroleum Co-op, Inc.

v.

Distribution Services, Inc.

August 27, 2003

BY JUDGE JOHN J. MCGRATH, JR.

In this proceeding, Plaintiff's lawyer, Kerry D. Armentrout, Esquire, concedes that he served the wrong company with the Bill of Complaint on July 15, 2002. On July 24, 2002, the Defendant filed a responsive pleading stating that they were not the company which was allegedly indebted to Plaintiff. On or about July 24, 2002, Plaintiff's counsel agreed orally with Defendant's counsel that he had named and served the wrong party and that he would take a nonsuit.

On August 12, 2002, Defendant's counsel contacted Kerry D. Armentrout, Esquire, by letter asking why a nonsuit had not been taken. On August 21, 2002, Plaintiff's attorney wrote to Defendant's counsel stating in writing that he would nonsuit the case.

However, as of January 2003, the suit was still pending against this defendant. Therefore, on January 24, 2003, Defendant's counsel again wrote to Mr. Armentrout asking why a nonsuit had not been taken.

As of June 2003, despite repeated assurances from Plaintiff's counsel that a nonsuit would be taken, nothing had been done. Thus, on June 17, 2003, Defendant's counsel again wrote to Kerry D. Armentrout, Esquire, asking why a nonsuit had not been taken. There was no response. Once again, on July 23, 2003, one year after Plaintiff's attorney acknowledged he had served the wrong defendant, Defendant's counsel wrote again to ask why a nonsuit had not been taken.

On August 4, 2003, Plaintiff's counsel appeared before the Court on a status call and indicated he would file a nonsuit. The Motion for Nonsuit was filed by Plaintiff's counsel on August 18, 2003. Not surprisingly, Defendant, pursuant to an oral motion under § 8.01-271.1, requests attorney's fees of $1,382.00 for the time expended in trying to get the Plaintiff to nonsuit the *improper* defendant.

The contours and purposes of the sanctions permitted by § 8.01-271.1 are well known by the trial courts and all (or virtually all) attorneys who are involved in litigation. The filing of a bogus or baseless claim is clearly prohibited by the explicit wording of the statute. By judicial interpretation, it has become well established that even when an initial pleading is made in good faith, each time the attorney files additional pleadings or motions he or she is making an implicit representation that the attorney has not become aware of facts and/or legal precedent which renders the initial pleadings untenable and baseless. See, *e.g., Oxenham v. Johnson*, 241 Va. 281 (1991); *Pantry Queen Foods v. Lifschultz Fast Freight*, 809 F.2d 451, 454 (7th Cir. 1987).

In *Oxenham v. Johnson, supra,* the Court stated:

> Because no cross-error was assigned to the trial court's ruling that the initial filing was justified, we are concerned only with Oxenham's contention that Code § 8.01-271.1 imposes no continuing duty upon a lawyer to "update his pleadings in light of any new findings," *see Pantry Queen Foods v. Lifschultz Fast Freight*, 809 F.2d 451, 454 (7th Cir. 1987) (construing Federal Rule of Civil Procedure 11), we reject his contention that he had *no* further duty to investigate Johnson's role after filing the motion for judgment. The duty of "reasonable inquiry" arises *each time* a lawyer files a "pleading, motion, or other paper" or makes "an oral motion." Code § 8.01-271.1. If Oxenham had filed any paper or made any motion in the case *after* he knew, or reasonably should have known, that he could not create a factual issue of Johnson's involvement and malice, the court would have been justified in imposing a sanction against him. *See e.g., Schoenberger v. Oselka*, 909 F.2d 1086, 1088 (7th Cir. 1990) (construing Federal Rule of Civil Procedure 11).

*Id.* at pp. 287-88.

Subsequent appellate court and circuit court opinions have reiterated the position that the duty of a continuing good faith belief in the viability of the claim arises each time an attorney files a pleading, motion, or other document with the Court. See, *e.g., Sarapata v. Norfolk & Portsmouth Belt Line RR.,* 52

Va. Cir. 1 (City of Norfolk 2000); *United Healthcare Services, Inc. v. B. F. Saul Real Estate Investment Trust*, 49 Va. Cir. 436 (Fairfax County 1999).

This case, however, presents a novel issue: after the initial Motion for Judgment was filed against the wrong defendant on July 22, 2002, Plaintiff's counsel filed no pleadings until the Motion for a Nonsuit was filed on August 12, 2003. Although Plaintiff's counsel acknowledged by at least August 21, 2002, that the defendant served was not the correct defendant and that "I will nonsuit the above noted matter," Plaintiff's counsel did nothing until August 12, 2003, to carry through on his representation. This utter failure to act to dismiss an innocent party was not a matter of mere forgetfulness because Defendant's counsel repeatedly requested such a Motion to be filed, and the Court itself had to serve a Notice to Appear on counsel in June 2003 (with a return date of August 4, 2003) because of lack of activity in the case.

This Court believes that this situation is encompassed within the terms of § 8.01-271.1 under the facts presented here. I respectfully disagree with my learned colleague's opinion in *Domen v. Sugarman*, 54 Va. Cir. 176 (City of Richmond 2000), in which the Court indicated that if no substantive pleading is filed after the meritless nature of the suit is discovered, there cannot be a technical violation of § 8.01-271.1. When an attorney becomes aware that he has sued an innocent party and agrees that such party should be dismissed, it acts as a functional fraud upon the Court for the attorney not to dismiss the claim or otherwise rectify the situation. Persistent inaction after knowledge is obtained that a previous pleading is baseless causes all of the adverse repercussions which § 8.01-271.1 is designed to prevent. Therefore, to take over twelve months from the realization that the wrong party was sued to dismiss the suit is within the ambit of § 8.01-271.1. This is particularly true when counsel for the wrongly named party made repeated requests for this to be done.

Therefore, the Motion for Nonsuit is granted, and Defendant's request for sanctions under § 8.01-271.1 is granted, and Kerry D. Armentrout, Esquire, is ordered to pay $1,382.00 in attorney fees within ninety days of this Order.

The Clerk is directed to send attested copies of this Order to Kerry D. Armentrout, Esquire, counsel for the Plaintiff, to James M. Pickrell, Esquire, and to Laura A. Thornton, Esquire, counsel for Distribution Services, Inc.