PETER DANIEL SMITH

V.

ROBIN STANAWAY, ET AL.

Record No. 910121

November 8, 1991

Present: All the Justices

*Leo Jon Perk* for appellant.
*Robert D. Hicks (Martin, Hicks & Ingles*, on brief), for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

The dispositive question in this appeal of a civil action for damages is whether an order drafted by the clerk of the trial court and entered by the trial judge, without notice to or endorsement of counsel, memorializing the court's action taken on the day of entry of the order sustaining a motion to strike the evidence, violated Rule 1:13 thereby rendering the order void.

The Rule, as pertinent, provides:

> "Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served by delivering or mailing to all counsel of record who have not endorsed them. Compliance with this rule . . . may be modified or dispensed with by the court in its discretion."

On September 18, 1990, during a jury trial of this action and at the conclusion of the plaintiff's case-in-chief, the trial court sustained the defendants' motion to strike the plaintiff's evidence. After consideration of argument of counsel on the motion, the trial

judge stated that it "had no other alternative but to sustain the motion . . . . So the Court dismisses all three of the defendants." On that day, the draft of an order was prepared, apparently by the clerk of court. The order recited, in part:

> "The evidence of the plaintiff was presented, and at the conclusion thereof, the defendant[s], by counsel, moved to strike the evidence of the plaintiff on grounds stated in the record, which motion, after argument of counsel, was sustained and to which ruling of the Court, counsel for the plaintiff noted his objection and exceptions."

> "It is therefore Adjudged and Ordered that this case be dismissed and removed from the docket of this Court."

The trial judge entered the order on the day of trial without notice to counsel of record and without their endorsement.

On October 24, 1990, the trial judge granted defendants' motion for sanctions filed on September 25, and assessed the plaintiff with an award of $5,000 in favor of the defendants on account of attorney's fees. No order had been entered modifying, vacating, or suspending the September 18 order.

The plaintiff filed a notice of appeal on October 23, 1990 and a petition for appeal on January 23, 1991. Subsequently, we awarded the plaintiff this appeal.

The defendants moved to dismiss the appeal. Asserting the September 18, 1990 order was a final judgment, they contend that the October 23 notice of appeal was untimely under Rule 5:9(a) (notice must be filed within 30 days after entry of final judgment) and that the January 23 petition for appeal was untimely under Rule 5:17(a)(1) (petition must be filed not more than three months after entry of the order appealed from). In response, representing that his attorney was not aware of entry of the September 18 order "until more than thirty days later," the plaintiff asserts that the order was invalid because entered without notice or endorsement, and that, even if the order was valid, it was not "the final, appealable judgment in the case" because the sanctions issue had not been adjudicated. We disagree with the plaintiff.

■ We hold that the September 18 order was valid because it was properly entered by the trial court. The last sentence of Rule 1:13 authorizes the trial court "in its discretion" to modify or to

dispense with the requirements of notice or endorsement of counsel. We conclude that the trial court did not abuse its discretion.

The circumstances of this case demonstrate the reason for inclusion of the last sentence in the Rule. Routinely throughout the Commonwealth, clerks of court (and occasionally trial judges) draft judgment orders daily in civil and criminal cases tried by jury memorializing the actions taken by the court on that day. These orders never carry endorsement of counsel and are entered by the court as a matter of course without notice to counsel. Notice or endorsement is unnecessary because, as here, counsel are present in court when the ruling is made orally and are fully aware of the court's decision; preparation and entry of an order in standard form is all that remains to be done to end the case in the trial court. Indeed, prompt disposition of the business of the trial courts would be jeopardized if Rule 1:13 were interpreted to require notice or endorsement under these circumstances; counsel of record have the duty and responsibility to examine the public record and to determine the date of entry of such orders.

■ The circumstances of this case are significantly different from the situations existing in prior cases construing the Rule, or its predecessor, where we have found an abuse of discretion for failure to require notice or endorsement. For example, in *Cofer* v. *Cofer*, 205 Va. 834, 836, 140 S.E.2d 663, 665 (1965), the rights of infants to support money was affected by an order entered without notice to counsel for the infants. In *Iliff* v. *Richards*, 221 Va. 644, 649, 272 S.E.2d 645, 648 (1980), a cross-claim was effectively eliminated from the case by an order entered without notice to the cross-claimant. In *Rosillo* v. *Winters*, 235 Va. 268, 271-73, 367 S.E.2d 717, 718-19 (1988), the attorneys disagreed over the contents of draft orders but the trial court entered plaintiffs' draft without notice to other counsel and affected substantial rights of the defendant.

■ It follows, therefore, that the September 18 order was a final, appealable order. Thus, the notice of appeal as well as the petition for appeal were untimely.

■ Our determination that the September 18 order was final means that the trial court was without jurisdiction to enter the October 24 order of sanctions. Rule 1:1 provides that final judgments remain under the control of the trial court for only 21 days unless modified, vacated, or suspended during that time. Therefore, that order will be reversed.

Consequently, we will annul the award of sanctions and dismiss the appeal as improvidently awarded.

*Appeal dismissed.*

JUSTICE WHITING, with whom JUSTICE LACY and JUSTICE HASSELL join, concurring.

I concur in the dismissal of the appeal, but not in the basis for the dismissal.

We said in *State Highway Commissioner* v. *Easley*, 215 Va. 197, 201, 207 S.E.2d 870, 873 (1974), that "Rule 1:13 is designed to protect parties without notice." And, " '[o]ne of the essentials of due process is notice.' " *Walt Robbins, Inc.* v. *Damon Corp.*, 232 Va. 43, 47, 348 S.E.2d 223, 226 (1986) (citation omitted). Accordingly, where a counsel-drafted order is entered in violation of Rule 1:13, it is void. *Rosillo* v. *Winters*, 235 Va. 268, 272-73, 367 S.E.2d 717, 719 (1988); *Cofer* v. *Cofer*, 205 Va. 834, 836, 140 S.E.2d 663, 665 (1965) (applying predecessor rule).

Nothing in the transcript or in the other records in this case indicates that either counsel was on notice that the court would prepare and enter a final order without previous or subsequent notice of its entry. Nor has the defendants' counsel cited any local rule which would permit the entry of an order under these circumstances. Such a rule would have been available to plaintiff's counsel under Rule 1:15, and would have put counsel on notice of the possibility of such action by the court.

However, the majority exempts a trial court from the notice requirements of Rule 1:13 by its mere entry of an order. The majority reasons that otherwise it would "jeopardize the prompt disposition of the business of trial courts."

Rule 1:13 gives the trial judge the discretion to "modify or dispense" with compliance with Rule 1:13. But if a discretionary power to waive, modify, or dispense with a specific requirement is given an official, his exercise of that power should be established. In *Cofer*, 205 Va. at 836-37, 140 S.E.2d at 665, we noted that the trial court's order recited why it was dispensing with the requirements of the predecessor Rule of Rule 1:13. In contrast, there is no indication in this case that the court ever considered Rule 1:13 when it entered the order or that it notified counsel it was "modi-

fying or dispensing with [its] compliance," and would enter its own order without prior or subsequent notification to counsel.

For all these reasons, I would hold that the order of September 18, 1990, is void. Because the award of sanctions was not a final order, I would dismiss the appeal of that order as improvidently granted because we do not have jurisdiction to consider appeals of such interlocutory orders in an action at law. Code § 8.01-670.