Present:  All the Justices

GERALD PAUL NAPERT

v.  Record No. 000562    OPINION BY JUSTICE ELIZABETH B. LACY
                                  January 12, 2001
THERESA MARIE NAPERT

                FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we review a determination made on a bill

of review that a decree of a trial court was entered in

violation of Rule 1:13.

     In December 1997, Gerald Paul Napert (husband) filed a

proceeding seeking a divorce a vinculo matrimonii from Theresa

Marie Napert (wife).  The wife filed a response, pro se,

denying certain allegations of the bill of complaint.  On

October 9, 1998, the husband mailed a copy of a "Motion to

Establish Permanent Child Support and For Entry of Final

Decree of Divorce" to the wife.  The motion designated the

date and time he would seek entry of the decree.  A hearing

was held on November 13, 1998, but the wife did not appear.  A

decree of divorce was subsequently entered on November 16,

1998.  The decree was silent as to child support.

     The wife filed a bill of review pursuant to Code § 8.01-

623, asserting that the divorce decree was void because it was

entered in violation of Rule 1:13.  The Circuit Court of

Fairfax County agreed, holding that the decree did not comply

with either the endorsement or notice requirements of Rule

1:13 and that there was no indication on the decree that the trial court dispensed with those requirements.  The trial court granted the relief sought in the bill of review, vacated the November 16, 1998 divorce decree declaring it void, and denied the husband's motion for reconsideration.  The Court of Appeals affirmed the judgment of the trial court in an unpublished memorandum opinion (<u>Napert v. Napert</u>, Record No. 1173-99-4, February 8, 2000), holding that because the November 16, 1998 decree contained neither the endorsement of the wife or her counsel nor a dispensation of the endorsement by the court, the decree was "facially erroneous and void." We granted the husband an appeal.

In his first assignment of error, the husband asserts that the Court of Appeals erred in construing and applying Rule 1:13.  Rule 1:13 states:

> Drafts of orders and decrees shall be endorsed
> by counsel of record, or reasonable notice of
> the time and place of presenting such drafts
> together with copies thereof shall be served
> . . . to all counsel of record who have not
> endorsed them.  Compliance with this rule . . .
> may be modified or dispensed with by the court
> in its discretion.

The Court of Appeals held that the trial court did not dispense with the Rule's requirements because the decree did not specifically recite such dispensation.  The husband

2

asserts that this holding is in conflict with previous decisions of this Court. We agree with the husband.

This Court has never held that, in order to modify or dispense with the requirements of Rule 1:13, a court must affirmatively state in its order that it is exercising its discretion to take such action. For example, in Smith v. Stanaway, 242 Va. 286, 410 S.E.2d 610 (1991), the trial court entered an order without endorsement of or notice to counsel and the order did not include any statement that the court had dispensed with such requirements as allowed by Rule 1:13. Nevertheless, this Court evaluated the validity of the order by considering whether the trial court abused its discretion in dispensing with the requirements of the Rule. Id. at 288-89, 410 S.E.2d at 612. The concurrence in Smith specifically contended that the trial court should be required to recite its reasons for exercising its discretion to dispense with Rule 1:13, a requirement implicitly rejected by the majority. Id. at 290-91, 410 S.E.2d at 613; see also Rosillo v. Winters, 235 Va. 268, 272-73, 367 S.E.2d 717, 719 (1988).

Although a better practice would be for a trial court to include a statement reflecting its decision to exercise its discretion, in the absence of such a statement, we presume that a trial court exercised its discretion to dispense with the Rule's requirements. Courts are presumed to act in

3

accordance with the law and orders of the court are entitled to a presumption of regularity.  Beck v. Semones' Adm'r, 145 Va. 429, 442, 134 S.E. 677, 681 (1926).

Likewise in this case, the divorce decree is entitled to a presumption that the trial court dispensed with the Rule's requirements.  Accordingly, we hold that the Court of Appeals erred in approving the trial court's decision that the November 16, 1998 divorce decree was entered in violation of Rule 1:13.

For these reasons, we will reverse the judgment of the Court of Appeals and dismiss the bill of review.

Reversed and dismissed.