COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


CHARLES A. EDWARDS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0469-00-1            JUDGE RICHARD S. BRAY
                                          APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Johnny E. Morrison, Judge

          Joseph Ryland Winston, Special Appellate
          Counsel (Public Defender Commission, on
          brief), for appellant.

          Linwood T. Wells, Jr., Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     A jury convicted Charles A. Edwards (defendant) of first

degree murder and related use of a firearm, violations of Code

§§ 18.2-32 and -53.1, respectively. On appeal, defendant contends

the trial court erroneously severed his trial from that of a

codefendant and challenges the sufficiency of the evidence to

support the convictions. Finding no error, we affirm the trial

court.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Prior to commencement of trial, defendant, by counsel, moved for a continuance, complaining the court had postponed trial of the codefendant, after previously ordering a joint trial over defendant's objection, without notice to counsel. Defendant maintained the resulting severance, confirmed by his counsel "less than twenty-four hours from trial," required him to "completely change strategy and to prepare for a separate trial." Following argument of counsel, the court denied defendant's motion and proceeded with trial. Thus, relying upon Rule 1:13, defendant first contends the court erroneously failed to require endorsement of counsel or notice with respect to the order continuing trial of the codefendant.

Rule 1:13 provides, in pertinent part, that "[d]rafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served [on] all counsel of record who have not endorsed them." However, "[c]ompliance with this rule . . . may be modified or dispensed with by the court in its discretion." Rule 1:13. When dispensing with endorsement or notice pursuant to Rule 1:13,

> a better practice would be for a trial court
> to include a statement reflecting its
> decision to exercise its discretion, [but,]
> in the absence of such a statement, we
> presume that a trial court exercised its
> discretion . . . . Courts are presumed to
> act in accordance with the law and orders of

the court are entitled to a presumption of regularity.

Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001).

Accordingly, on the instant record, we must presume the court exercised discretion in dispensing with both the endorsement and notice requirements that attended the continuance order in issue. The proper exercise of such discretion is strengthened by evidence that the resulting severance comported with defendant's earlier objection to a joint trial. Moreover, defendant failed to present evidence, by proffer or otherwise, of any prejudice suffered by him as a result of the alleged error.

## II.

Defendant next challenges the sufficiency of the evidence to support the convictions. In reviewing the sufficiency of the evidence, we consider the record "in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom." Watkins v. Commonwealth, 26 Va. App. 335, 348, 494 S.E.2d 859, 866 (1998) (citation omitted).

> [T]he fact finder is not required to accept entirely either the Commonwealth's or the defendant's account of the facts. Similarly, the fact finder is not required to believe all aspects of a defendant's statement or testimony; the judge or jury may reject that which it finds implausible, but accept other parts which it finds believable.

Pugilese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993) (citation omitted). Thus, "[t]he conclusions of the fact

-

finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness'] . . . testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" Moyer v. Commonwealth, 33 Va. App. 8, 28, 531 S.E.2d 580, 590 (2000) (en banc) (citations omitted). The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by the evidence. See Code § 8.01-680.

Defendant contends "the Commonwealth's entire case rests upon the testimony of [Tyrone] 'Woo Woo' [Wallace]," evidence characterized by defendant as "inherently incredible and unworthy of belief." Properly viewed on appeal, Wallace's testimony established that, while he spoke with the victim, Deontrace Ward, at a Portsmouth gas station, defendant "come [sic] up in a . . . four door gray car" and "asked [Ward] 'Can I talk to you for a second.'" Ward responded, "Sure," and walked with defendant to the gray car. While "they was talking[,] . . . one thing led to another," and defendant "pull[ed] a gun out and put it to [Ward's] head." Ward then "grabbed [defendant's] arm[,] . . . tossed him across the car" and fled "through the traffic," with defendant pursuing in the gray car. Wallace's recollection of these initial events was corroborated in significant particulars by another Commonwealth's witness, Francesca Dillard-Moore, although she was unable to identify anyone involved in the confrontation.

-

Wallace further testified that he "and a couple other guys . . . ran behind [defendant and Ward] to see what happened" and observed defendant and his nephew, Anthony Edwards, "jump[] out of the car" and chase Ward on foot. When Ward "was caught" by the two, both "started shooting" him with handguns.

An independent Commonwealth's witness, Kenneth Duke, also saw two men exit a gray car and shoot Ward. The first man initially shot Ward while he "was on his knees[,] . . . hands in the air," pleading "please don't shoot me . . ." and, again, after he "fell over." When shot by the second man, Ward was already wounded and "on the ground." Several additional witnesses, including a police officer, also recounted the attack on Ward, substantially corroborating the testimony of Wallace and Duke.

The fact finder heard and considered the testimony, including evidence that tended to discredit Wallace, and believed his recollection of events. When considered with the entire record, we are unable to find such evidence either incredible or unworthy of belief.

Defendant's reliance upon testimony at the sentencing hearing in support of his challenge to Wallace's credibility is without merit. Such evidence was not before the jury during the guilt phase of the proceeding and, therefore, relevant only in determining an appropriate sentence.

-

Accordingly, the record clearly proved the subject convictions beyond a reasonable doubt and, finding no error otherwise, we affirm the trial court.

<u>Affirmed.</u>