COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Bumgardner
Argued at Salem, Virginia


CLAUDE PRUNTY

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0307-01-3      JUDGE RUDOLPH BUMGARDNER, III
                                       DECEMBER 18, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                      Charles J. Strauss, Judge

            Jesse W. Meadows, III, for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Randolph A. Beales, Attorney General, on
            brief, for appellee.


     The trial court convicted Claude Prunty of possession of a

firearm after conviction of a felony.  He maintains (1) the

evidence was insufficient to prove a prior conviction of a

felony and (2) the mandatory minimum punishment provision of

Code § 18.2-308.2 is unconstitutional.  For the following

reasons, we affirm.

     The defendant stipulated the evidence and conceded he

possessed a firearm.  The only issue was whether the defendant

had previously been convicted of a felony.  The Commonwealth

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

introduced a sentencing order[1] from the City of Danville dated October 31, 1994.  The caption read, "Felony – Indictment for Driving After Having Been Declared an Habitual Offender."  It recited that the defendant stood convicted of driving after having been declared an habitual offender and was sentenced to 12 months at the city prison farm.

The trial court overruled a motion to strike at the conclusion of the Commonwealth's case.  The defendant presented no evidence, but renewed the motion to strike.  The trial court took the matter under advisement to see if the earlier conviction could have been for anything other than a felony.  It directed the Commonwealth to research the statute in effect at the time.

At the next hearing, the Commonwealth presented a memorandum with an attached photocopy from Michie's Virginia Code Annotated.  It reflected that before 1993 driving after being declared an habitual offender was a felony only.  Code § 46.2-357 (1994).  After an amendment in 1993, the offense could be a misdemeanor, but the maximum sentence for a misdemeanor conviction was three months in jail.  1993 Va. Acts, ch. 677.  No change was made to the penalty ranges before the date of the sentencing order.

---

[1] The Commonwealth never introduced the conviction order.

-

The trial court found the sentencing order proved a prior felony conviction. The order stated the defendant was indicted for felony driving after having been declared an habitual offender, and it imposed a sentence of 12 months in jail. The trial court took judicial notice of the laws of the Commonwealth in effect in 1994. It concluded that the defendant had been convicted of a felony in 1994 because any sentence greater than three months could only be imposed for the felony version of driving after being declared an habitual offender.

The defendant maintained the trial court erred because it did not "consult any book, record, register, journal, or other official document or publication purporting to contain, state, or explain such law." Code § 19.2-265.2(B). The record reflects the trial court relied upon a photocopy of the applicable code section. The record does not support the defendant's contention.

The trial court properly inferred the earlier conviction was a felony conviction. The defendant received a 12-month sentence. Such a sentence could only be imposed upon a conviction of the felony classification of the crime.

"Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity." Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001) (citation omitted). Accordingly, when the sentencing court imposed a felony sentence, the trial court in this case

-

could conclude the defendant had been convicted of a felony. No evidence suggested otherwise. "Absent clear evidence to the contrary in the record, the judgment of a trial court comes to us on appeal with a presumption that the law was correctly applied to the facts." Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977).

The defendant contends the mandatory minimum punishment provision of Code § 18.2-308.2 is unconstitutional. However, the defendant failed to support his claim with any citation to the record or any case law. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Accordingly, we will not consider this argument.

The defendant maintains the trial court erred by considering evidence presented after the parties rested. However, he did not object to the trial court's taking the matter under advisement, to the Commonwealth's introduction of the memorandum of law, or to the trial court's reliance upon it. We do not consider an issue raised for the first time upon appeal. Rule 5A:18.

Similarly, we do not consider the defendant's argument that he was denied the right to present mitigating evidence. He never proffered such evidence or asked to do so. Moreover, when

asked if the defendant had any evidence to present, counsel stated "No, your honor." Rule 5A:18.

Concluding the trial court did not err, we affirm the conviction.

Affirmed.

-