COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Agee and Senior Judge Coleman


SA'AD EL-AMIN
                                   MEMORANDUM OPINION*
v.   Record No. 1063-01-2              PER CURIAM
                                     JANUARY 29, 2002
CAROLYN ADAMS


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                   Barnard F. Jennings, Judge Designate

              (Sa'ad El-Amin, pro se, on brief).

              No brief for appellee.


     Sa'ad El-Amin (husband) appeals the decision of the circuit

court finding him in arrears in spousal support, ordering him to

make a good faith effort to pay the amount due to Carolyn Adams

(wife), and finding him in contempt of court.  On appeal, husband

contends the trial court erred by (1) including in its order

findings it did not make when the parties were before the court,

(2) deferring a ruling on husband's entitlement to subpoenaed

materials until the hearing date, and (3) denying husband's

request to present arguments on the termination of spousal support

with a reservation to conduct additional matters.  Upon reviewing

the record and briefs of the parties, we conclude that this appeal

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On appeal, we view the evidence and all reasonable inferences in the light most favorable to appellee as the party prevailing below.  See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

### Procedural Background

The parties were divorced in March 1990, and husband was ordered to pay wife spousal support.  Appellant currently is obligated to pay wife support in the amount of $1,500 per month.  In September 2000, wife filed a motion to reinstate and a petition for rule to show cause.  Wife contended husband was in arrears in his support payments.  Husband argued he was unable to make the payments and filed a motion to terminate spousal support.  Husband served wife's employer with a subpoena duces tecum requesting information regarding wife's employment.  Wife filed a motion to quash the subpoena.  After hearing arguments on the motion to quash on December 11, 2000, the trial court deferred ruling and advised the parties that it would decide the matter when it heard their case.

The court heard the case on January 11, 2001.  At the hearing the court denied wife's motion to quash and granted husband a continuance on the motion to terminate support.  The court found husband in contempt, fined him $1,000, found he was in arrears in the amount of $137,035.21, and transferred the case to the

-

juvenile and domestic relations district court.  The court entered the order on March 23, 2001.

## Analysis

### I.

Husband argues the trial court included in the order factual findings and rulings that had not been made when the parties were before the court.  He also contends the trial court erred by entering the order without his endorsement in violation of Rule 1:13.

Rule 1:13 provides, in pertinent part, that "[d]rafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served [on] all counsel of record who have not endorsed them."  However, "[c]ompliance with this rule . . . may be modified or dispensed with by the court in its discretion."  Rule 1:13.  When dispensing with endorsement or notice pursuant to Rule 1:13,

> a better practice would be for a trial court
> to include a statement reflecting its
> decision to exercise its discretion, [but,]
> in the absence of such a statement, we
> presume that a trial court exercised its
> discretion . . . . Courts are presumed to
> act in accordance with the law and orders of
> the court are entitled to a presumption of
> regularity.

Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001).

Accordingly, on the instant record, we must presume the court

-

exercised discretion in dispensing with both the endorsement and notice requirements that attended the order in issue.

Furthermore, a review of the trial court's transcript reveals the court's written order included only factual findings and rulings made at the hearing. The trial court did not err in entering the order.

## II.

At the December 11, 2000 hearing, the trial court declined to rule on wife's motion to quash. On January 11, 2001, the court heard argument on the motion, denied it, and granted husband a continuance in order to review the requested documents and prepare arguments concerning his motion to terminate spousal support. Husband has failed to demonstrate any prejudice resulting from the court's decision to postpone ruling on the motion. The trial court did not abuse its discretion.

## III.

After the court denied wife's motion to quash, husband asked to proceed with his motion to terminate support with a reservation of right to conduct additional matters after reviewing the materials provided by wife's employer. The court denied husband's request, preferring to hear the entire matter at once and granted husband a continuance, at his request.

> "[T]he order of proof is a matter within the sound discretion of the trial court and [an appellate] court will not reverse the judgment except in very exceptional cases, and, unless it

-

> affirmatively appears from the record that
> this discretion has been abused, [an
> appellate] court will not disturb the trial
> court's ruling."

Lebedun v. Commonwealth, 27 Va. App. 697, 715, 501 S.E.2d 427, 436 (1998) (citation omitted).  The trial court did not abuse its discretion by denying husband's request to hear arguments with reservation to conduct additional matters.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.

-