322

## CIRCUIT COURT OF FAIRFAX COUNTY

Gild & Associates, P.C.

v.

Gonzalez et al.

March 8, 2002

Case No. (Law) 199920

BY JUDGE DENNIS J. SMITH

This matter is before the Court upon the appeal of Plaintiff Gild & Associates, P.C., ("Gild"). The issue before the Court on this *de novo* appeal is whether a judgment interrogatory summons should be quashed where a judgment against a garnishee was vacated, without notice to the parties, after the judge determined that the original judgment would not have been entered but for a clerical error. After considering the arguments presented by counsel, this Court holds in the affirmative, for the reasons stated below.

This case originated as a garnishment action filed in the General District Court, where Gild obtained a judgment against the Defendant in the amount of $6,752.26 on or about July 2, 1992. At the time judgment was entered against the Defendant, the General District Court determined that the Garnishee MCI WorldCom Communications, Inc. ("MCI"), had failed to file an answer pursuant to Va. Code § 8.01-511.

On November 10, 1993, Gild filed a garnishment summons to be served on MCI, with a return date of January 24, 1994. Plaintiff's counsel failed to appear at the hearing on January 17, 1994, and the Judge thereby released the garnishment. On February 17, 1994, Gild moved to reinstate the garnishment, and his motion was denied; however, on February 28, 1994, the motion was granted.

Upon reinstatement of the garnishment, Gild served MCI with a Rule to Show Cause issued on March 23, 1994, with a return date of April 6, 1994. Upon the non-appearance of MCI on April 6, 1994, and without any response from MCI in the file, the General District Court entered judgment against MCI pursuant to § 8.01-519.

In September of 1994, the General District Court Judge examined the file and discovered that MCI had in fact responded to the Show Cause in a timely manner, whereupon the Judge, in chambers, vacated the order previously entered against the garnishee, without giving notice to any of the parties. Approximately seven years later, Gild sought to enforce the original order granting judgment in its favor but discovered that the order had been vacated.

Va. Code § 8.01-428(B) states that "Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order." The statute thus enables judges to enter *nunc pro tunc* orders replacing the previous orders which were entered as a result of the clerical error. *Dorn v. Dorn*, 222 Va. 288, 292 (1981).

Where the Clerk's office improperly performs an official duty by failing to maintain accurate records, a clerical error has been committed. *School Bd. of Lynchburg v. Caudill Rowlett Scott*, 237 Va. 550, 555-56 (1989). By inadvertently omitting a crucial document from the file in the instant case, the Clerk's office improperly performed its duty to maintain accurate records. This omission gave rise to an erroneous judgment, the vacation of which was properly within the discretion of the General District Court pursuant to § 8.01-428(B).

As to the notice issue, Orders are entitled to a presumption of regularity and the Court is also presumed to have acted in accordance with law. *Napert v. Napert*, 261 Va. 45, 47 (2000). The Court was authorized to dispense with notice pursuant to § 8.01-428, which specifically provides for notice when the action is taken "upon the motion of any party," but does not mention notice when the action is taken "by the Court . . . on its own initiative." Additionally, the Court could dispense with notice pursuant to Rule 1:13 and does not have to specifically state in the Order that it is doing so.

In accordance with the foregoing, the Plaintiff's appeal is hereby dismissed, and the interrogatory summons is hereby quashed.