COURT OF APPEALS OF Virginia

Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman


JEAN A. GANTT
                                    MEMORANDUM OPINION*
v.    Record No. 1973-02-3              PER CURIAM
                                       MARCH 4, 2003
BARRY GANTT


            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    John J. McGrath, Jr., Judge

          (Jeffrey A. Ward; Paul A. Dryer; Franklin,
          Denney, Ward & Lawson, PLC, on briefs), for
          appellant.

          (Danita S. Alt, on brief), for appellee.


     Jean Gantt (wife) appeals rulings made by the trial court in

her divorce proceedings.  On October 23, 2002, Barry Gantt

(husband) filed a motion in this Court to dismiss wife's appeal

for failure to file an appeal bond pursuant to Code § 8.01-676.1.

On October 25, 2002, husband filed an amended motion to dismiss on

the same ground.  On November 7, 2002, wife moved for leave to

file the appeal bond and requested that the Court deny husband's

motion to dismiss.  We grant wife's motion to file an appeal bond

and deny husband's motion to dismiss wife's appeal.

     On appeal, wife contends the trial court erred:  (1) in

considering post-separation adultery as a factor in establishing

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

spousal support; and (2) in imputing income to wife in calculating spousal support. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

On April 19, 2002, the trial court heard evidence relating to equitable distribution and spousal support. After hearing testimony from most of the witnesses, the trial court indicated it had another case scheduled and continued the matter. On May 30, 2002, the trial court heard testimony from wife's father and additional testimony from wife, after which the parties presented closing arguments.

After reviewing all of the evidence, the trial court classified the parties' property and rendered an equitable distribution award. In addition, the trial court indicated its decision to award husband spousal support of $800 per month for a period of nine years, explaining that it "considered all of the evidence in light of the factors set out in [Code §] 20-107.1(E)," including the circumstances and "factors which contributed to the dissolution of the marriage." Code § 20-107.1(E). The trial court noted that wife failed to submit any evidence supporting her assertion that she was unable to work full-time. At the conclusion of the hearing, the trial court directed husband's

-

attorney to prepare an order reflecting its oral rulings.  The parties voiced no objections at that time.

The trial court signed and filed the final order on July 1, 2002.  Husband's attorney signed it "Seen and agreed."  In the space for wife's signature, the trial judge wrote "Waived [pursuant to] Rule 1:13" and initialed it.  In the order, the trial court directed the clerk to "certify copies of this order to counsel of record."

On July 30, 2002, wife filed a "Notice of Respondent's Objections to Final Order."  In it, wife claimed she provided husband's attorney with an order in which she objected to the trial court's consideration of fault in awarding spousal support and to its imputation of income to wife despite her inability to work.

DISCUSSION

In her opening brief, wife refers to her July 30, 2002 "Notice of Respondent's Objections to Final Order" as indicating where she preserved the issues for appeal.  Although wife included in that "Notice" the two issues she now raises, she filed it twenty-nine days after entry of the July 1, 2002 final decree.

In his brief, husband argues, inter alia, that wife failed to timely preserve her issues for appeal.

Wife submitted a reply brief invoking the ends of justice exception to Rule 5A:18.  In it, she contends she "overnighted

-

the [signed] order," which contained her objections, to husband's attorney on June 28, 2002, "in time to present the same to the court on July 1, 2002." She alleges that husband's attorney "instead presented the original order [husband's attorney] had prepared to the court for entry on July 1, 2002."

ANALYSIS

"All final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1.

Wife filed her objections twenty-nine days after entry of the final decree. Because the decree became final twenty-one days after the date of entry, the trial court no longer had jurisdiction over the case. See Rule 1:1.

Moreover, "Rule 5A:18 requires that objections to a trial court's action or ruling be made with specificity in order to preserve an issue for appeal." Collado v. Commonwealth, 33 Va. App. 356, 367, 533 S.E.2d 625, 631 (2000). The purpose of Rule 5A:18 is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals and reversals. Kaufman v. Kaufman, 12 Va. App. 1200, 1204, 409 S.E.2d 1, 3-4 (1991); Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991) (en banc).

-

Wife made no objections to the trial court orally or in writing during the time within which the trial court had jurisdiction.

Although wife suggests opposing counsel submitted the wrong last page of the order, she never alleged fraud or explained why she never timely filed objections after the order was submitted and entered, and copies were sent to counsel.

Rule 1:13 allows the trial court to dispense with endorsements on orders "in its discretion." "Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity." Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001) (citing Beck v. Semones' Adm'r, 145 Va. 429, 442, 134 S.E. 677, 681 (1926)).

Appellant failed to timely submit any objections, and when she did so, the trial court no longer had jurisdiction over the case. Therefore, Rule 5A:18 precludes us from addressing her issues on appeal. Moreover, because appellant failed to indicate why she waited so long to submit her objections and because the decree is entitled to a presumption that the trial court properly exercised its discretion in dispensing with endorsement of the decree, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

-

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

Affirmed.