COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Richmond, Virginia


JANICE C. TAYLOR

                                    MEMORANDUM OPINION* BY
v.    Record No. 1733-02-2      JUDGE ROSEMARIE ANNUNZIATA
                                        APRIL 22, 2003
HARRY H. CACCIA


              FROM THE CIRCUIT COURT OF HANOVER COUNTY
                       John R. Alderman, Judge

           Augustus S. Anderson (Lieding & Anderson,
           P.C., on briefs) for appellant.

           Steven M. Marks for appellee.


     Taylor appeals a final decree of divorce, which

incorporated an earlier separation agreement.  She contends the

trial judge erred in ruling she waived any entitlement to her

husband's military pension benefits.  For the reasons that

follow, we affirm.

     The material facts underlying this appeal are not in

dispute.  The parties were married in Ohio on January 23, 1959.

They adopted one child, Michael H. Caccia, who was born on

October 21, 1964.  During the marriage, Caccia served as a

member of the United States Air Force.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On November 21, 1968, the parties entered into a separation agreement ("agreement") in Maryland, which provided in part:

> SIXTH: That the said Janice May Caccia shall not claim any interest as wife; widow; heir; next of kin; distributee or successor in the real, personal or mixed property of the said Harry Henry Caccia; and assigns to hold or dispose of his property, free and clear of all rights of hers, or which she may have had except for this covenant.
>
> \*    \*    \*    \*    \*    \*    \*    \*    \*
>
> NINTH: That in further consideration of the premises, the parties hereto covenant and agree that the property of the said Harry Henry Caccia, real, personal and mixed, now held by him absolutely, or subject to the marriage rights of the said Janice May Caccia, or which shall in any manner hereafter devolve on him or the said Janice May Caccia, in his right, shall be his sole and separate property, wholly free from any rights of the said Janice May Caccia, with full power to him to convey, assign, charge or will the same as if unmarried. And that the said Janice May Caccia shall not, at any time, claim any right in any of the property as his wife, widow, heir, next of kin, distributee or successor . . . .

Caccia filed a bill of complaint for divorce in Virginia on March 9, 2001, on the ground that the parties had lived separate and apart, without cohabitation, since their separation on November 1, 1968.[1] Taylor filed a cross-bill of complaint on May 18, 2001 and an amendment to the cross-bill of complaint on

---

[1] The trial judge found that Caccia purportedly obtained a divorce in Alabama in 1969, that both parties agreed the Alabama divorce was fraudulent, and that neither Caccia nor Taylor was a participant in the fraud.

-

July 10, 2001, alleging that Caccia's military pension should be equitably distributed between the parties pursuant to Code § 20-107.3.

On July 23, 2001, the trial court entered an order stating that Taylor was not entitled to a distribution of Caccia's military pension, based on the separation agreement entered into by the parties in 1968 and 10 U.S.C. § 1408.  The court incorporated the agreement into its order by reference.  On June 11, 2002, the trial court entered a final divorce decree.  No objections were noted to the decree.

## Analysis

On appeal, Taylor raises three arguments: 1) the plain language of 10 U.S.C. § 1408 prohibited her from waiving an interest in Caccia's military pension via the separation agreement; 2) the agreement does not cover Caccia's military pension because the pension was not Caccia's "property" when the parties signed the agreement; and 3) Maryland law governs the interpretation of the agreement because it was executed in Maryland.  Caccia contends each of Taylor's arguments is barred procedurally by Rule 5A:18 because she failed to timely object to the entrance of the order and final divorce decree at the trial level.  We agree the appeal is barred.

Rule 5A:18 states:

> No ruling of the trial court . . . will be
> considered as a basis for reversal unless
> the objection was stated together with the

-

> grounds therefor at the time of the ruling, except for good cause shown or . . . to attain the ends of justice. A mere statement that the award is contrary to the law and the evidence is not sufficient to constitute a question to be ruled upon on appeal.

"The purpose of Rule 5A:18 is to allow the trial court to correct in the trial court any error that is called to its attention." Lee v. Lee, 12 Va. App. 512, 514, 404 S.E.2d 736, 737 (1991). "A perhaps more compelling reason for the rule is that it is unfair to the opposing party, who may have been able to offer an alternative to the objectionable ruling, but did not do so, believing there was no problem." Id. (citing Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

Code § 8.01-384 gives the following guidance for complying with Rule 5A:18:

> Formal exceptions to rulings . . . [are] unnecessary; but for all purposes for which an exception has heretofore been necessary, it shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court take or his objections to the action of the court and his grounds therefor.

An individual may satisfy the requirements of Rule 5A:18 and Code § 8.01-384 in many ways. "Counsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge." Lee, 12 Va. App. at 514, 404 S.E.2d at 737 (citing Highway Comm'r v. Easley, 215 Va. 197, 207 S.E.2d 870

-

(1974)); see also Campbell v. Commonwealth, 12 Va. App. 476, 480, 405 S.E.2d 1, 5 (1991) (en banc) (motion to strike the evidence sufficient objection); McGee v. Commonwealth, 4 Va. App. 317, 321-22, 357 S.E.2d 738, 740 (1987) (motion to set aside the verdict sufficient objection).

In the case at bar, Taylor made no objections to the trial court's first order on July 23, 2001. The statement of facts included in the record contains no indication that Taylor presented her arguments to the trial court. Likewise, Taylor did not "include an objection and reasons therefor in the final order or at least tender such an order to the trial judge." Lee, 12 Va. App. at 514, 404 S.E.2d at 737. The record is devoid of any mention of the arguments Taylor now raises on appeal.

Taylor contends that the trial court's order, reflecting that counsel appeared and argued, and stating that it considered the separation agreement and 10 U.S.C. § 1408, is sufficient to satisfy Rule 5A:18.[2] We disagree. We cannot assume that, at the hearing, counsel argued the same issues now raised on appeal and simply did not include those arguments in the record.

Taylor further contends that we should invoke the "ends of justice" and "good cause" exceptions to Rule 5A:18, on the

---

[2] Taylor concedes in her opening brief to this Court that the issues she raises on appeal were not preserved at the trial level but later argues in her reply brief that the issues were preserved.

-

ground that the order and divorce decree denying her an interest in Caccia's pension were void because they were not endorsed by trial counsel. We disagree with Taylor's contention.

Rule 1:13 states:

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served . . . to all counsel of record who have not endorsed them. Compliance with this rule . . . may be modified or dispensed with by the court in its discretion.

As the Virginia Supreme Court noted, in Napert v. Napert, 261 Va. 45, 540 S.E.2d 882 (2001), there is no express requirement that "a court must affirmatively state in its order that it is exercising its discretion to take such action," in order to modify or dispense with the requirements of Rule 1:13. Id. at 47, 540 S.E.2d at 883.

> Although a better practice would be for a trial court to include a statement reflecting its decision to exercise its discretion, it properly exercised its discretion to dispense with the Rule's requirements. Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity.

Id. at 47, 540 S.E.2d at 884 (citing Beck v. Semones' Adm'r, 145 Va. 429, 442, 134 S.E. 677, 681 (1926)). Thus, we presume the trial court dispensed with the requirements of Rule 1:13 and find that the absence of endorsements was not error.

-

Taylor also argues that since she did not receive notice of the entry of the final decree of divorce, we should hear her appeal for "good cause" shown or to attain the "ends of justice."  Taylor does not support her argument with authority; therefore, we need not consider it on appeal.  See <u>Buchanan v. Buchanan</u>, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration.  We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief.").

Furthermore, the record clearly shows Taylor received notice that the final divorce decree had been entered and thus could have timely objected to it and to the failure, if any, to send an earlier notice.  The trial court entered its final decree on June 11, 2002.  On June 29, 2002, while the matter remained within the trial court's jurisdiction, Taylor timely filed her notice of appeal, evidencing that she received notice of the final divorce decree.  Thus, at that time, she also could have made objections or exceptions to the decree and failed to do so.

Accordingly, we affirm the decision of the trial court.

<u>Affirmed.</u>

-