COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued at Richmond, Virginia


STEVEN GORDON KEENE

v.        Record No. 2200-02-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RUDOLPH BUMGARDNER, III
OCTOBER 21, 2003


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
Paul M. Peatross, Jr., Judge

Robert M. Galumbeck (Michael L. Dennis; Dudley, Galumbeck,
Necessary and Dennis, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


The trial court convicted Steven Gordon Keene of three counts of making a false statement on an application for an automobile certificate of title, Code § 46.2-605. He maintains he was not tried within nine months of the finding of probable cause, Code § 19.2-243. We affirm because the defendant failed to object to the continuance of his trial.

On November 2, 2001, the Commonwealth filed a motion to continue the trial. The judge signed an order on December 18, 2001 memorializing what transpired at the November 5, 2001 hearing on the motion. That order continued the case past the nine-month deadline to March 13, 2002 at which time the trial court convicted the defendant and set sentencing for July 19, 2002.

On July 12, 2002, new counsel filed a motion to dismiss due to a speedy trial violation. The trial judge ordered a transcript of the November 5, 2001 hearing and filed that transcript with the record on July 17, 2002. On July 19, 2002, the trial judge found the record established

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

that the defendant acquiesced to the continuance, denied his motion to dismiss, and entered final judgment.

The thrust of the defendant's argument is that the writing signed by the trial judge December 18, 2001, which continued the case to March 13, 2002, was not an order. He did not recognize the document as an order because it did not contain the word "order" in its heading, defense counsel did not endorse it, and it did not reflect whether the defendant objected or acquiesced to the continuance.[1]

The purpose of an order "is to record what happened and what the court did about it . . . ." Cottrell v. Commonwealth, 187 Va. 351, 361, 46 S.E.2d 413, 418 (1948). The writing signed December 18, 2001 reflects that both sides were present, that the court considered a motion to continue the trial, and that it continued the trial to March 13, 2002. It records no objection by the defendant. That writing can only be understood to be an order of the court; it needs no label to make it so. A caption is not a necessary part of an order, Jones v. Janes, 33 Va. (6 Leigh) 167, 173-74 (1835); nor is counsel's endorsement necessary, Smith v. Stanaway, 242 Va. 286, 289, 410 S.E.2d 610, 612 (1991). "The defendant's failure to object to the court's action in fixing the trial date is an acquiescence in the fixing of a trial date beyond the [statutory time period] and constitutes a continuance of the trial date under Code § 19.2-243(4)." Heath v. Commonwealth, 261 Va. 389, 394, 541 S.E.2d 906, 909 (2001).

A court speaks only through its written orders, and we presume its orders reflect accurately what transpired. Stamper v. Commonwealth, 220 Va. 260, 280-81, 257 S.E.2d 808, 822 (1979). However, in this case, the trial court ordered the transcript of the hearing of

---

[1] On brief, the defendant also maintains that the December 18, 2001 document could only extend trial to the end of the December 2001 term, which ended February 2, 2002. We will not consider an argument on appeal not raised in the trial court. Rule 5A:18.

November 5, 2001, and it is part of the record on appeal.  That transcript confirms that the order did reflect accurately what transpired.  Not only did the defendant fail to object, he suggested the date and acquiesced in its selection.  "When a defendant requests, agrees to, or acquiesces in an order that effectively continues a case, the . . . speedy trial period of Code § 19.2-243 is tolled during the time reasonably specified by the court to carry out the terms of its order."  Heath, 261 Va. at 393, 541 S.E.2d at 908.

The defendant also argues that if the document was an order, it was improperly entered *nunc pro tunc*.  The order was entered December 18, 2001.   It was not entered *nunc pro tunc*, and did not become so simply because the judge signed it after the date of the proceedings it recorded.  Orders record what happened and must be signed after the event they record.

The defendant never objected to the continuances of his trial.  Accordingly, we affirm his convictions.

Affirmed.