306

## CIRCUIT COURT OF FAIRFAX COUNTY

Abdul Chowdhury

v.

OmniGuru Systems, Inc.,
and Suresh Katyal

Case No. (Law) 2006-7983

OmniGuru Systems, Inc.

v.

Abdul Chowdhury

Case No. (Law) 2005-2433

July 20, 2006

BY JUDGE R. TERRENCE NEY

This matter came before the Court on the Motion of Plaintiff/Counter-Defendant Abdul Chowdhury for leave to appeal from this Court's Final Order in favor of Defendant Suresh Katyal and Defendant/Counter-Plaintiff OmniGuru Systems, Inc. That Order was entered October 26, 2005. After oral argument, the Court took this matter under advisement.

*Facts*

This case arises from Katyal's sale to Chowdhury of a forty-nine percent interest in OmniGuru Systems. Chowdhury brought suit for rescission or, in the alternative, for a declaratory judgment setting forth the rights of the parties and for compensatory and punitive damages against Katyal. OmniGuru Systems brought a countersuit for breach of contract. The cases were consolidated and were heard on October 5, 2005, and then reheard on October 21, 2005. By its October 26, 2005, Final Order, this Court dismissed Chowdhury's Bill of Complaint and found in favor of OmniGuru Systems on its countersuit.

Chowdhury alleges that, in the months after the Final Order was entered, counsel periodically telephoned the office of the clerk to inquire whether a final order had been filed and was told that it had not been. On April 10, 2006, counsel telephoned judge's chambers and learned that the Final Order was entered on October 26, 2005, but not filed with the clerk's office until February 6, 2006.

Chowdhury also alleges that counsel for both parties were notified at the October 21, 2005, hearing that a final order would be forthcoming shortly and that counsel would be notified when it was entered. This court has never advised counsel to expect notice of the entry of a final order and has no recollection of doing so in this case. Typically, however, the court clerk or law clerk will fax copies of the Court's final orders to counsel or to pro se parties at the time of their entry. Why that did not occur here is a mystery. Nevertheless, a call to the judge's law clerk or court clerk would have immediately resulted – as it ultimately did – in counsel's being told of the date of entry and receiving a copy of the order if desired.

There is also no explanation as to why it took well over three months for an order signed by a judge to be filed with the clerk's office. After a judge signs an order it is attached to the file by the judge's law clerk or court clerk and then sent down for filing. Why this process took so long here is baffling.

As the thirty-day period fixed by Rule 5A:6(a) of the Rules of the Supreme Court of Virginia for the filing of an appeal has lapsed,[1] Chowdhury now moves this Court for leave to file an appeal under § 8.01-428(C) of the Virginia Code. Chowdhury's Motion mistakenly refers to a § 8.01-426(C). No such section exists, but it is clear from the substance of the motion that § 8.01-428(C) was intended.

---

[1] Rule 5A:3 of the Rules of the Supreme Court of Virginia specifies that Rule 5A:6(a) is mandatory.

*Analysis*

Section 8.01-428(C) of the Virginia Code reads, in pertinent part, as follows:

> *Failure to notify party or counsel of final order.* – If counsel, or a party not represented by counsel, who is not in default in a circuit court is not notified by any means of the entry of a final order and the circuit court is satisfied that such lack of notice (i) did not result from a failure to exercise due diligence on the part of that party and (ii) denied that party an opportunity to pursue post-trial relief in the circuit court or to file an appeal therefrom, the circuit court may, within 60 days of the entry of such order, modify, vacate, or suspend the order or grant the party leave to appeal.

Although there is no evidence of a lack of diligence on the part of Chowdhury's counsel, Chowdhury's motion must fail for reasons that appear plainly in the text of the Code section. By its clear language, the provision has no application beyond sixty days from the entry of the order from which an appeal is sought. More than six months have now passed since the entry of the order from which Chowdhury seeks to appeal.

Notwithstanding, this Court shall further consider *sua sponte* whether any alternative approach might allow Chowdhury to appeal from the Final Order in this case.

First, the Court considers whether the failure to notify counsel of the entry of the order renders it void, thus allowing the Court to enter a new order, thereby extending the time in which Chowdhury may file an appeal. The Court finds that the Final Order is not void, for the reason that nothing in the Rules of the Supreme Court of Virginia requires that notice be given to counsel of the entry of a final order. As *Smith v. Stanaway* makes clear, an order is not rendered invalid by the failure of the clerk's office to inform counsel of its entry. *Smith v. Stanaway*, 242 Va. 286, 288, 410 S.E.2d 610, 611-12 (1991).

Next, the Court considers whether it may use its power to correct clerical errors conferred by § 8.01-428(B) of the Virginia Code to alter the date of entry of the order. The Court finds that it cannot alter the date of entry of the order, as the original date of entry is accurate. Rule 1:1 of the Rules of the Supreme Court of Virginia provides that the date of entry of a final order is the date the order is signed by the judge. The Final Order in this case was signed on October 26, 2005, and is dated accordingly.

The Court also considers whether it may accomplish the same result by vacating and again entering the order, doing so on the basis that the failure to notify counsel of the entry of the order was itself a clerical error. The Court finds that it cannot vacate and again enter an order on that basis. It is not a clerical error for purposes of § 8.01-428(B) for a clerk of the court to erroneously inform a party that an order has not been entered. *School Bd. of Lynchburg v. Caudill Rowlett Scott, Inc.,* 237 Va. 550, 555, 379 S.E.2d 319, 322 (1989). *A fortiori*, it is not a clerical error for a clerk of the court to fail to inform a party that an order has been entered.

Finally, § 8.01-428(B) cannot be read to confer the power to vacate an order for the purpose of extending the time in which a party may file an appeal because such a reading would render § 8.01-428(C) redundant. *Zhou v. Zhou,* 38 Va. App. 126, 136, 562 S.E.2d 336, 340 (2002).

## Conclusion

For these reasons, the Court is without the power to grant Chowdhury leave to appeal and also without any alternative method of enabling him to appeal. Accordingly, Chowdhury's Motion for Leave to Appeal is denied.