COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Senior Judge Annunziata


THOMAS MICHAEL TULLY

v.      Record No. 2104-08-4

MEMORANDUM OPINION[*]
COMMONWEALTH OF VIRGINIA,                    PER CURIAM
  DEPARTMENT OF SOCIAL SERVICES,            DECEMBER 16, 2008
  DIVISION OF CHILD SUPPORT ENFORCEMENT
  *ex rel*. BEVERLY HOSKINS AND LISA HOSKINS


FROM THE CIRCUIT COURT OF FREDERICK COUNTY
John R. Prosser, Judge

(Thomas Michael Tully, *pro se*, on brief).

No brief for appellee.


Thomas Michael Tully (appellant) appeals a final order of the trial court dismissing and/or

denying his appeal of several orders from the juvenile and domestic relations district court (J&DR

court) and denying and dismissing other motions related to child support. Upon review of the

record and appellant's brief, we conclude that this appeal is without merit.[1] Accordingly, we

summarily affirm the trial court's decision. See Rule 5A:27.

Appellant first contends the trial court erred by denying and dismissing his motion to review

and amend the December 17, 1996 child support order issued by the J&DR court, apparently on the

basis that he was improperly served with notice by posting. The trial court's order of July 24, 2008

states that the December 17, 1996 child support order declares appellant "was personally served and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] For the reasons stated in this opinion, appellant's Motion for Judgment filed on November 6, 2008 is denied.

did not appear for trial." In addition, the copy of the December 17, 1996 order in appellant's appendix also states that appellant was "personally served." "A court speaks through its orders and those orders are presumed to accurately reflect what transpired." McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d 126, 128 (1997). Furthermore, appellant does not contend that he did not receive notice of the proceeding. Accordingly, appellant's argument is without merit.

Appellant argues the December 17, 1996 child support order was factually incorrect by stating that he was personally served and was, therefore, voidable. However, the July 24, 2008 trial court order states that appellant did not appeal the December 17, 1996 J&DR court order. In addition, a February 19, 2008 J&DR court order in the record states that the December 17, 1996 order "has never been modified, terminated or otherwise amended." An order that is void *ab initio* may be "challenged at any time," an order that is merely voidable "is not subject to collateral attack . . . ." Singh v. Mooney, 261 Va. 48, 51, 541 S.E.2d 549, 551 (2001). Appellant could have challenged the December 17, 1996 court order upon a timely motion to the trial court, but he did not. See Rule 8:20. Thus, the December 17, 1996 order remains in full force and effect and may not now be collaterally attacked on the ground that it contains a factual error.

Appellant contends he was denied due process because he did not receive notice of any child support obligation or court proceeding to establish a child support award to Beverly Hoskins for Courtney Tully in the years 2000 to 2001. He also argues his Sixth Amendment right to effective assistance of counsel was violated when monies were removed from his paycheck by the Division of Child Support Enforcement and paid to Hoskins for child support without notice to him, without following proper procedures, and without the appointment of a guardian *ad litem*. In addition, appellant asserts he was denied visitation with the child for whom he was ordered to pay child support. Appellant argues the trial court erred by failing to require the defendants to file responsive

pleadings to his Motion for Expungement of Record and his Motion of Verified Bill of Costs. However, neither the July 24, 2008 trial court order from which appellant appeals nor the record on appeal, which contains no transcripts or written statement of facts pursuant to Rule 5A:8, contains rulings by the trial court addressing these arguments.

"[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted). Because, on this record, we are unable to determine whether the trial court erred, we will not consider these arguments. Moreover, to the extent that appellant contends he was not aware that he had a child support obligation for Courtney Tully, the December 17, 1996 child support order established that obligation.

Appellant contends the trial court violated his constitutional rights by entering the July 24, 2008 order in violation of Rule 1:13. The July 24, 2008 order addressed the trial court's rulings made at the July 11, 2008 hearing. The record indicates that appellant, *pro se*, appeared at the July 11, 2008 hearing. Rule 1:13 specifically provides that compliance with the rule "'may be modified or dispensed with by the court in its discretion.'" Smith v. Commonwealth, 32 Va. App. 766, 773, 531 S.E.2d 11, 15 (2000). "Notice or endorsement is unnecessary [where] counsel are present in court when the ruling is made orally and are fully aware of the court's decision; preparation and entry of an order in standard form is all that remains to be done to end the case in the trial court." Smith v. Stanaway, 242 Va. 286, 289, 410 S.E.2d 610, 612 (1991). Appellant does not assert that the July 24, 2008 order inaccurately reflects the rulings made by the trial court at the July 11, 2008

hearing and appellant was present at that hearing.  Therefore, we cannot say that the trial court abused its discretion by waiving endorsement and entering the final order.

Accordingly, the decision of the trial court is summarily affirmed.[2]

Affirmed.

---

[2] Appellant filed a request praying that this Court appoint counsel to represent him on appeal.  The request is denied.