# Richmond

CHUCK OVERBEE

V.

COMMONWEALTH OF VIRGINIA

Record No. 831212.

April 27, 1984.

Present: All the Justices.

*Robert C. Whitestone (Whitestone, Rodway, Phillips, Brent, Young & Merril, P.C.,* on brief), for appellant.
*Roger L. Chaffe, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In a jury trial, Chuck Overbee was found guilty of operating a motor vehicle upon a public highway while under the influence of alcohol. The trial court, pursuant to the jury verdict, sentenced Overbee to serve thirty days in jail and to pay a fine of $500. The court also ordered that his operator's license be suspended for six months and thereafter until the fine and costs were paid. On appeal, Overbee challenges the admissibility in evidence of the results of the blood-alcohol breath test administered to him after his arrest. He further contends that the evidence was insufficient to support his conviction.

The evidence and proceedings in the trial court were set forth in a statement of facts approved by the trial judge. Before trial, the court conducted a hearing on Overbee's motion to suppress evidence of the results of his breath test.

In support of his motion to suppress, Overbee first called as a witness the arresting officer, Trooper L. B. Lacey of the Virginia State Police. Lacey testified that on September 29, 1982, about 9:00 p.m., he was driving south on Interstate Highway 95 in Stafford County when he saw a pickup truck parked in the emergency lane. Stopping to investigate, the trooper approached the truck and found Overbee standing at the front of the vehicle. The hood was up, the engine was not running, and Lacey could not remember whether the keys were in the ignition. The only occupant of the truck was a passenger sitting in the passenger seat.

In answer to Lacey's inquiry, Overbee identified himself as the driver. Lacey, detecting an odor of alcohol, asked Overbee if he had been drinking. Overbee replied that he had consumed one beer. Lacey observed that Overbee's eyes were red but that he "walked all right." There were no alcoholic beverages in the vehi-

cle, and Overbee denied having consumed any alcoholic beverages after stopping the truck. Lacey arrested Overbee at 9:13 p.m., charged him with the offense of which he was subsequently convicted, and advised him of his rights under the "implied consent" law. The breath test, which Overbee elected to take, when administered at 10:47 p.m., showed a blood-alcohol content of 0.16%.

The passenger, Nathaniel Burress, and Overbee also testified in support of the motion to suppress. Both said that they had been together in Washington, D. C., during the day, that Overbee purchased a "fifth" of wine, which he put under the hood in the grill area of his truck, and that they left in the truck to go to Overbee's farm in Orange County. Burress did not see Overbee drink any of the wine or any other alcoholic beverage until they stopped in Stafford County. Both witnesses said that Overbee was having "water problems" with the truck. When Overbee stopped, Burress testified, he took the keys from the ignition, raised the hood, removed the bottle of wine, drank most of its contents, and threw the bottle into bushes off the road just before Trooper Lacey approached.

Overbee testified that he put the wine bottle in the grill to chill it, that he stopped in the emergency lane because of water problems with the truck, that he removed the keys from the ignition to unlock the hood, and that he raised the hood and while "checking the water" drank most of the bottle of wine. When he saw Trooper Lacey approaching, he tossed the bottle into the bushes. He explained his statement to Lacey that he had drunk one beer by saying that he was afraid that if he mentioned his consumption of wine, the trooper might arrest him for drinking in public. Overbee denied having drunk a beer or any other alcoholic beverages before he stopped.

After hearing argument, the trial court denied the motion to suppress the evidence of the results of the breath test. At trial, the Commonwealth presented the testimony of Trooper Lacey and the certificate of analysis of the test. Overbee presented the testimony of Burress and himself. It was stipulated that Lacey, Burress, and Overbee testified to the same facts and circumstances as in the hearing on the motion to suppress. Denying Overbee's motion to strike the evidence and dismiss the charge, the trial court submitted the case to the jury under instructions which are not challenged herein. After the jury returned its verdict, the trial court

denied Overbee's motion to set aside the verdict and entered the judgment of which he complains.

■ Code § 18.2-266, the statute under which Overbee was convicted, makes it unlawful for anyone "to drive or operate any motor vehicle . . . while under the influence of alcohol." The "implied consent" law provides that any person who operates a motor vehicle on a public highway is deemed thereby to have consented to have a sample of his blood or breath taken for a chemical test to determine the alcoholic content of his blood if he is arrested for violation of Code § 18.2-266 within two hours of the alleged offense. Code § 18.2-268(b). Any person so arrested must elect to have either the blood or breath sample taken. *Id.*

■ An untimely arrest, however, results in exclusion of the certificate of analysis of the blood or breath sample. In *Thomas* v. *Town of Marion*, 226 Va. 251, 308 S.E.2d 120 (1983), the defendant was involved in an automobile accident about 3:00 p.m., invalidly arrested at 4:35 p.m., then properly arrested at 6:15 p.m. *Id.* at 253, 308 S.E.2d at 122. Subsequently, he submitted to a breath test; at trial, the certificate of analysis was received in evidence. *Id.* at 253, 308 S.E.2d at 121. On appeal, we held that the trial court erred in admitting the certificate because the arrest occurred more than two hours after the alleged offense, in violation of the statute, and the defendant's actual consent to the test was invalid because "the officer's recitation of the law" led defendant to the incorrect belief that he had to submit to the test. *Id.* at 254, 308 S.E.2d at 122.

■ In the present case, in order for the certificate of analysis to be admissible, Overbee had to be arrested within two hours of the alleged offense of operating his truck on a public highway while under the influence of alcohol. Overbee argues that he was not operating his vehicle when Trooper Lacey arrested him. We agree.

The cases upon which the trial court and the Attorney General rely are distinguishable. In *Gallagher* v. *Commonwealth*, 205 Va. 666, 139 S.E.2d 37 (1964), a police officer found defendant sitting in his car, which was stuck in a ditch. The car was in gear, and defendant was accelerating the engine. We held that he was operating the vehicle. *Id.* at 670, 139 S.E.2d at 40. In *Nicolls* v. *Commonwealth*, 212 Va. 257, 184 S.E.2d 9 (1971), defendant was found slumped over the steering wheel. Although a broken transmission rendered his car inoperable, the car was on the road and its engine was running. We held that defendant was operating the

car. *Id.* at 259, 184 S.E.2d at 11. Another defendant, slumped over the steering wheel while the car, with engine running, was on a parking lot was held to be operating the car in *Williams* v. *Petersburg & Commonwealth*, 216 Va. 297, 301, 217 S.E.2d 893, 896 (1975).

Finally, in *Lyons* v. *Petersburg*, 221 Va. 10, 266 S.E.2d 880 (1980), a defendant was found sitting behind the steering wheel of a wrecked car. Noting that Code § 46.1-1(17) defines "operator" as one "who drives or is in actual physical control of a motor vehicle upon a highway," we held that the evidence was sufficient to establish that defendant was operating his car while under the influence of alcohol. *Id.* at 11-13, 266 S.E.2d at 880-82.

It is apparent that in each of these four cases, *Gallagher*, *Nicolls*, *Williams*, and *Lyons*, the defendant was in the driver's seat and in control of the vehicle when the police found him. In *Lyons*, we observed that defendant was "in actual physical control" of the car until he was removed from it. 221 Va. at 13, 266 S.E.2d at 881-82.

In the present case, however, Overbee was not in his vehicle when the officer found him. The engine was not running; the ignition key had been removed. Overbee's possession of the keys may have given him the means of effecting control over the truck, but he cannot be said to have been in actual physical control of the vehicle when he was standing in front of it on the highway. We hold that Overbee was not operating his truck when Trooper Lacey approached and arrested him.

It follows that the results of the breath test were inadmissible in evidence, since there was no evidence to show the time of Overbee's operation of his truck. Although the jury could have disbelieved the testimony of Burress and Overbee that Overbee drank nothing before he stopped the truck in the emergency lane, the Commonwealth failed to prove the length of time the truck had been there when Lacey appeared on the scene. Consequently, there was no evidence that Overbee was arrested within two hours of the alleged offense. Under *Thomas*, therefore, the certificate showing the alcohol content of Overbee's blood was inadmissible.

█ If the certificate of analysis of the breath test were admissible, the Commonwealth would be entitled to a rebuttable presumption that Overbee was intoxicated, since his blood-alcohol content was greater than 0.10%. Code § 18.2-269(3). The inadmissibility of the certificate, however, means that Overbee's guilt

or innocence must be determined from the other evidence of his condition at the time of the alleged offense. *Brooks* v. *City of Newport News*, 224 Va. 311, 315-16, 295 S.E.2d 801, 804 (1982). The burden was on the Commonwealth to prove that Overbee was intoxicated while he was operating his truck, not on Overbee to show that he became intoxicated after leaving his parked vehicle. *Fowlkes* v. *Commonwealth*, 194 Va. 676, 678, 74 S.E.2d 683, 684 (1953); *Coffey* v. *Commonwealth*, 202 Va. 185, 187-88, 116 S.E.2d 257, 259 (1960).

Without the certificate of analysis of the breath test, the Commonwealth's evidence consists of Trooper Lacey's testimony. Lacey testified that there was an odor of alcohol about Overbee and that his eyes were red. In addition, Overbee told Lacey that he had drunk one beer, and he denied having consumed any alcoholic beverages after stopping his truck. However, Overbee put his credibility at issue by offering testimony that contradicted his original statements to Lacey. The question is whether the evidence, exclusive of the certificate of analysis, was insufficient as a matter of law to support Overbee's conviction.

Overbee's statements to the trooper distinguish the present case from *Fowlkes, supra*, and *Bland* v. *City of Richmond*, 190 Va. 42, 55 S.E.2d 289 (1949). In *Fowlkes* and *Bland*, we reversed convictions for driving under the influence of intoxicants because the Commonwealth's evidence failed to exclude, as a reasonable hypothesis, that the defendant became intoxicated after wrecking his car. *Fowlkes*, 194 Va. at 678-80, 74 S.E.2d at 684-85; *Bland*, 190 Va. at 46-47, 55 S.E.2d at 290-91. Neither in *Fowlkes* nor in *Bland* did the defendant deny having consumed intoxicants after his vehicle was stopped. Overbee, by contrast, told the investigating officer that he had not consumed any alcoholic beverages after parking his truck and that earlier he had drunk a beer. Although Overbee and Burress offered testimony to the effect that Overbee's original statements to Lacey were false and that Overbee had, in fact, drunk wine after stopping his truck, the jury could disbelieve this testimony and believe Overbee's statement to the officer that he had consumed no alcohol after parking. Such evidence, if believed, would be sufficient to exclude the otherwise reasonable hypothesis that Overbee parked his vehicle and then consumed alcoholic beverages.

Overbee argues, however, that under *Coffey* v. *Commonwealth*, 202 Va. 185, 116 S.E.2d 257 (1960), the evidence against him

was insufficient. In *Coffey*, defendant wrecked his pickup truck, and an investigating officer arrived on the scene about 55 minutes later. The officer smelled alcohol on defendant's breath and observed that he was "unsteady" and "incoherent." Defendant, denying that he had drunk any alcoholic beverage, explained his condition by stating "that he had brushed his teeth with alcohol, and that he had consumed a glass of vinegar." *Id.* at 186, 116 S.E.2d at 258. There was, however, testimony that he had taken a drink of whiskey after the accident occurred. *Id.* Noting that there was no evidence as to defendant's condition when he was operating his vehicle, we reversed his conviction for driving under the influence of intoxicants. *Id.* at 187-88, 116 S.E.2d at 258-59.

The present case is different from *Coffey* in that it contains some evidence of Overbee's condition when he was operating his truck. The jury could conclude that if Overbee smelled of alcohol and had red eyes, yet did not drink after he stopped his truck, then he must have consumed alcoholic beverages before or during his operation of the vehicle. We cannot say that the evidence, exclusive of the certificate of analysis, was insufficient as a matter of law to support Overbee's conviction. Nor can we say that the evidence, without the certificate, was so overwhelming as to render harmless the error in admitting the certificate. Accordingly, we will reverse the judgment of conviction and remand the case for a new trial, if the Commonwealth be so advised.

*Reversed and remanded.*