## Richmond

### KEVIN LYDELL DAVIS

v.

### COMMONWEALTH OF VIRGINIA

No. 1235-92-2

Decided February 8, 1994

COUNSEL

Herbert L. Sebren, Jr., for appellant.

Virginia B. Theisen, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On appeal from his jury trial convictions of operating a motor vehicle on a public highway while his operator's license was suspended or revoked (Code § 46.2-301) and leaving an unattended motor vehicle on a roadway so as to constitute a hazard (Code § 46.2-1209), Kevin Lydell Davis (the appellant) contends that the trial court erred (1) in denying his motion to dismiss the charges on the ground that he had been unlawfully arrested, (2) in failing to require the Commonwealth to prove the *corpus delicti* of the offense of driving while suspended and in refusing to instruct the jury on the requirement of corroboration of a confession, (3) in refusing to grant Instructions A, B and C, in refusing to instruct the jury as to what constitutes abandonment, and in incorrectly instructing the jury as to the punishment provided for violation of Code § 46.2-1209, (4) in denying his motions to strike the evidence, and (5) in making comments that prejudiced him before the jury and denied him a fair and impartial trial.

We find that the trial court erred in holding that the appellant could be brought to trial on a summons with respect to the driving on a suspended license charge. For that reason, we reverse and remand that charge. We also find that the trial court erroneously instructed the jury as to the punishment provided for a violation of Code § 46.2-1209. For that reason, we vacate the sentence and remand that charge for re-sentencing. We find no merit in the appellant's other assignments of error.

## I.

On November 29, 1991, Virginia State Trooper Robert Boice found an unoccupied car stopped with all four tires on the paved surface of Route 627 in Essex County. One of the car's tires was flat. Because the car was in a no passing zone on a two-lane road and was, thus, a highway hazard, Trooper Boice called for a tow truck to remove it.

Boice testified that fifteen minutes after he arrived, Keith Davis, Andrew Rouzie, and the appellant drove up. Boice asked who owned the unoccupied car. The appellant stated that it belonged to his girlfriend. When Boice asked who was driving the car when the tire went flat, the appellant stated that he was. The appellant produced the car's registration. Boice again asked who was driving, and the appellant again admitted that he was.

Boice requested the appellant's driver's license. The appellant stated that he did not have it with him. Boice asked for his social security number. When Boice radioed this number into headquarters, the dispatcher informed him that that license was suspended. The appellant said that "the judge" had taken his license. He then said that he had not been driving. Boice issued the appellant two Virginia Uniform Summonses charging violations of Code §§ 46.2-301 and 46.2-1209. No warrants were ever obtained.

Before trial, the appellant's attorney moved to dismiss the driving on a suspended license charge on the ground that the trooper had arrested the appellant without a warrant for a misdemeanor not committed in the trooper's presence. The trial court denied the motion. It held that the unattended vehicle offense was a continuing offense and was, thus, committed in the trooper's presence. It distinguished between an arrest and the issuance of a summons within the context of Code § 19.2-81, which authorizes certain arrests without a warrant. The trial court further held that, assuming a violation of Code § 19.2-81 occurred, it was not of constitutional dimension and, therefore, did not bar the prosecution.

At trial, Keith Davis, Andrew Rouzie and the appellant each testified that Keith Davis was driving when the tire went flat. The appellant denied driving the car and denied telling the trooper that he was the driver. Keith Davis testified that the trooper approached the group and asked for the car's registration. He said that the appellant, who was closest to the passenger door, reached in and got the registration. When the trooper asked who owned the car, the appellant said, "my

[girlfriend]." All three men said that the trooper never asked who was driving the car.

The appellant offered the following jury instructions which the trial court refused.

## INSTRUCTION NO. A

The *corpus delicti* is the fact that the crime charged has been actually perpetrated. It is the body or substance of the crime and consists not merely of an objective crime but of the defendant's agency in the crime. It means proof that the crime occurred and that somebody's criminality was the source of the crime, as distinguished from accident or natural causes. In every prosecution for crime the Commonwealth must prove the *corpus delicti* as a material element of the offense.

## INSTRUCTION NO. B

The uncorroborated extrajudicial confessions of one accused of crime, standing alone, are not sufficient to establish the *corpus delicti* in any case. When the commission of the crime has been fully confessed by the accused, only slight corroborative evidence is necessary to establish the *corpus delicti*. However, the coincidence of circumstances tending to indicate guilt, however strong and numerous they may be, avails nothing unless the *corpus delicti*, the fact that the crime has been actually perpetrated, has been first established.

## INSTRUCTION NO. C

A police officer may not arrest a misdemeanant without a warrant except when an officer has personal knowledge acquired by his personal senses that an offense was committed in his presence, unless the arrest is one within the statutory exceptions. An offense is committed within the presence of an officer when he has direct personal knowledge through his sight, hearing, or other senses that it is then and there being committed.

The trial court gave Instruction No. 6.

## Instruction No 6

Defendant is charged with the crime of abandoning or leaving a motor vehicle unattended on the public highways constituting a hazard in the use of the highway.

To find the defendant guilty, you must find the motor vehicle was unattended or abandoned and that it constitutes a hazard in the use of the highway.

If you find from the evidence that the Commonwealth has proved beyond a reasonable doubt the elements of this offense, then you shall find the defendant guilty and fix his punishment at:

A fine of a specific amount but not more than $250.00.

If you find that the Commonwealth has failed to prove beyond a reasonable doubt either or both of the elements, then you shall find the defendant not guilty.

At the conclusion of the Commonwealth's evidence and at the conclusion of all the evidence, the appellant moved to strike the evidence as insufficient to prove violations of Code §§ 46.2-301 and 46.2-1209 beyond a reasonable doubt. The trial court denied those motions.

## II.

Process for arrest may be issued by the judge or clerk of a trial court or by a magistrate. Code § 19.2-71. Upon satisfactory evidence that probable cause exists, such officer shall issue a warrant. Code § 19.2-72. The warrant is the normal process upon which arrest is to be effected. However, this general requirement is subject to certain exceptions.

Members of the State Police force of the Commonwealth . . . may arrest, without a warrant, any person who commits any crime in the presence of such officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence. . . .

Any such officer may, at the scene of any accident involving a motor vehicle, watercraft . . . or motorboat, or any hospital or medical facility to which any person involved in such accident has been transported, or in the apprehension of any person charged with the theft of any motor vehicle, on any of the highways or waters of the Commonwealth, upon reasonable grounds to believe . . . that a crime has been committed by any person then and there present, apprehend such person without a warrant of arrest.

Code § 19.2-81. This Code section sets forth other exceptions to the warrant requirement not applicable to this case.

An officer making an arrest on a warrant, unless he issues a summons pursuant to Code §§ 19.2-74 or 46.2-936, shall, without unnecessary delay, bring the arrested person before an official having authority to grant bail. Code § 19.2-80. An officer arresting a person without a warrant shall bring that person forthwith before an issuing authority who, upon examining the charge and finding probable cause, shall issue a warrant or a summons.

In certain cases, the law makes provision for the expeditious release of an arrested person without appearance before an issuing authority and a bail determination.

> Whenever any person is detained by or in the custody of an arresting officer, including an arrest on a warrant, for a violation of any provision of this title punishable as a misdemeanor, the arresting officer shall . . . take the name and address of such person and the license number of his motor vehicle and issue a summons or otherwise notify him in writing to appear at a time and place to be specified in such summons or notice.

Code § 46.2-936.

■ The Commonwealth argues that, with respect to violations of Title 46.2, Code § 46.2-936 permits the employment of a summons in lieu of a warrant as arrest process for a misdemeanor not committed in the arresting officer's presence. Such is not the case. The summons is a post-arrest document which facilitates prompt release upon a promise to appear. It shortcuts the requirement that the accused be returned before the issuing authority for the purpose of setting bail, thus minimizing imposition and inconvenience both to the accused and to the arresting officer. This position in the structure of arrest is borne out by the language of the statutes authorizing arrest and the language of Code § 46.2-936. Code § 46.2-936 applies when an accused "is detained by or in the custody of an arresting officer" and refers specifically to an arrest on a warrant. The seizure of the person and the lodging of a charge against him comprise the arrest. The accomplishment of these acts brings into consideration the issuance of a summons. The summons is thereafter prepared and issued.

Both charges against Davis were misdemeanors. Trooper Boice's right to arrest him on those charges was prescribed and limited by Code § 19.2-81.

> An offense is committed within the presence of an officer . . . when he has direct personal knowledge through his sight, hearing, or other senses that it is then and there being committed.

*Durant v. City of Suffolk,* 4 Va. App. 445, 447, 358 S.E.2d 732, 733 (1987).

## III.

The trial court ruled correctly that the violation of Code § 46.2-1209 was committed in the presence of the trooper. The hazardous presence of the car on the highway, observed by the trooper on his arrival, was a continuing violation of Code § 46.2-1209. Therefore, the trooper acted properly in issuing Davis a summons for the Code § 46.2-1209 violation, and that charge was properly before the court for trial.

## IV.

The offense of operating a motor vehicle on a suspended license ended when the appellant stopped driving the car and did not continue thereafter. Although the trooper developed evidence of the commission of that offense, no part of the offense was committed in his presence. Therefore, he lacked authority to arrest the appellant on that charge without a warrant. The arrest was unlawful, and the summons issued on that charge was not a valid process to present that charge for trial. The trial court erred in trying that charge without a valid process.

## V.

The appellant next contends that his confession of driving on a suspended license was uncorroborated and was, thus, insufficient to prove the *corpus delicti* of that offense. We disagree.

"In Virginia an extrajudicial confession of an accused that he committed the offense with which he is charged is not, alone and uncorroborated, adequate proof of the *corpus delicti.*" *Jefferson v. Commonwealth,* 6 Va. App. 421, 424, 369 S.E.2d 212, 214 (1988) (citation omitted). *See also Campbell v. Commonwealth,* 194 Va. 825, 833, 75 S.E.2d 468, 473 (1953).

"The purpose of the corroboration rule is to reduce the possibility of punishing a person for a crime which was never, in fact, committed." *Jefferson*, 6 Va. App. at 424, 369 S.E.2d at 214. "Where 'the commission of the crime has been fully confessed by the accused, only *slight* corroborative evidence is necessary to establish the *corpus delicti.*' " *Id.* (citation omitted).

The presence of the car on the highway and the dispatched information that Davis' operator's license was suspended corroborated his confession and, together with that confession, proved the *corpus delicti*.

## VI.

The appellant next contends that the trial court erred in refusing his tendered Instructions A, B and C and in refusing to instruct the jury on the meaning of the term "abandonment." He correctly argues that, upon request, a trial court is required to give a correct, non-redundant, jury instruction that is supported by the evidence. Furthermore, an otherwise correct instruction, relating to a question to be decided by the jury, "shall not be withheld from the jury solely for its non-conformance with model jury instructions." Code § 19.2-263.2. However, we find no error in the trial court's refusal of the instructions sought by Davis.

The definition of abandonment played no role in the decision of this case. The evidence disclosed that the car was left on the highway unattended and constituting a hazard. This satisfied the elements of Code § 46.2-1209. An issue of abandonment was not relevant.

The issues of corroboration of the appellant's confession and of statutory arrest procedure requirements were matters of law for the trial judge to decide. They were not matters to be submitted to the jury.

## VII.

The appellant next contends that the trial court erroneously instructed the jury that the penalty for violation of Code § 46.2-1209 was a fine not exceeding $250. We agree. This offense is a traffic infraction. Prior to July, 1992, the maximum punishment for a traffic infraction was a fine not exceeding $100. The appellant's offense occurred on November 29, 1991. Although defense counsel failed to object to this incorrect instruction, which would normally invoke the

bar of Rule 5A:18, we find that the "ends of justice" exception of Rule 5A:18 applies. *See Campbell v. Commonwealth*, 14 Va. App. 988, 421 S.E.2d 652 (1992) *(en banc)*, *aff'd in part*, 246 Va. 174, 431 S.E.2d 648 (1993). The $175 fine imposed for the Code § 46.2-1209 violation is excessive and, therefore, invalid. We remand that charge for resentencing. *See Bell v. Commonwealth*, 11 Va. App. 530, 534, 399 S.E.2d 450, 453 (1991).

## VIII.

The appellant next contends that the evidence was insufficient as a matter of law to prove his guilt beyond a reasonable doubt. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Josephs v. Commonwealth*, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) *(en banc)*. Whether the appellant confessed was a credibility issue for the jury. The trooper's testimony concerning the confession, together with the presence and location of the car on the highway and the dispatched information concerning his license, abundantly supports the convictions.

## IX.

The appellant finally contends that thirteen allegedly *sua sponte* comments by the trial judge prejudiced him before the jury and denied him a fair trial. Four of the statements occurred outside the jury's presence. The remaining nine statements are:

Is that the defendant?

I think that is a legal conclusion for the jury to reach.

That has been asked and answered.

He charged him with the offense. That is in the record, Mr. Sebren.

We are discussing the issues here for the jury.

Trooper Boice, when you got there, were the lights on this vehicle. [Boice responds "No."] All right, sir. Is there anything further?

No. There is concern that the defendant's witnesses are saying that Keith said something to him, to the trooper.

[T]he trooper knows nothing except what he was told. He does not know that there was an unattended car in the middle of the road, and based on that factor, I'll overrule your motion. All right, gentlemen.

You have three more minutes.

We have got two charges, we have two forms. And you need to find that the defendant is guilty of either or both of them. And you put down the punishment that you agree on.

The appellant failed to object to any of the foregoing comments. The ends of justice do not require that we address them. Therefore, we will not consider them on appeal. Rule 5A:18; *see Neal v. Commonwealth*, 15 Va. App. 416, 422-23, 425 S.E.2d 521, 525 (1992).

The judgment of the trial court is reversed. The charge of operating a motor vehicle with a suspended operator's license is remanded to the trial court for further proceedings on a proper process, if the Commonwealth be so advised. The conviction of leaving an unattended motor vehicle in a highway such as to constitute a hazard is remanded to the trial court for resentencing under the statute in force at the time of the offense.

*Reversed and remanded.*

Koontz, J., concurred.

Benton, J., concurring and dissenting.

I concur in the portion of the opinion that reverses the conviction for driving on a suspended license. In addition, however, I would reverse the conviction for leaving an unattended motor vehicle on the roadway, and I would dismiss both convictions.

I agree that when the officer arrived on the scene the motor vehicle was unattended on the highway. However, the statute states that "[n]o person shall leave any motor vehicle . . . unattended on . . . any roadway if it constitutes a hazard in the use of the highway." Code § 46.2-1209. Once Davis exited the automobile and departed, he left the automobile unattended. The offense was then complete.

The evidence did not prove that Davis departed from the disabled vehicle in the presence of the officer. The presence of the automobile,

standing alone, did not prove that Davis, rather than one of the other occupants of the automobile, left the automobile unattended on the roadway. Thus, the officer's testimony did not prove that Davis committed the offense in the officer's presence. *See, e.g., Penn v. Commonwealth*, 13 Va. App. 399, 412 S.E.2d 189 (1991) (although individual discarded a bottle, the officer could not arrest without a warrant for littering because the officer did not see the individual discard the bottle), *aff'd*, 244 Va. 218, 420 S.E.2d 713 (1992).

Both convictions should be dismissed because of the improper arrests and prosecution on improper process.