COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton, Elder,
          Annunziata, Bumgardner, Frank, Humphreys, Clements,
          Felton and Kelsey
Argued at Richmond, Virginia


CHRISTOPHER EDWARD HARRIS
                                          OPINION BY
v.    Record No. 1615-01-2      JUDGE ROBERT J. HUMPHREYS
                                        FEBRUARY 4, 2003
COMMONWEALTH OF VIRGINIA


                UPON A REHEARING EN BANC

       FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
              Walter W. Stout, III, Judge

       Gregory W. Franklin, Assistant Public
       Defender (Office of the Public Defender, on
       briefs), for appellant.

       Robert H. Anderson, III, Senior Assistant
       Attorney General (Jerry W. Kilgore, Attorney
       General, on brief), for appellee.


     This matter comes before the Court on a rehearing en banc

from a decision of a divided panel rendered July 2, 2002.  See

Harris v. Commonwealth, 02 Vap UNP 1615012 (2002).  The panel

affirmed Harris' conviction for driving without a license, in

violation of Code § 46.2-300, finding that the summons upon which

he was tried was sufficient to present the charge for trial.  By

order dated August 19, 2002, we granted Harris' petition for a

rehearing en banc, stayed the mandate of that decision, and

reinstated the appeal.  Upon rehearing en banc we find that

Harris' objection to his prosecution on the basis of the summons was procedurally barred and we, therefore, affirm his conviction.

On December 13, 1999, Officer Josh Linger of the Richmond Police Department came upon Harris' car parked in the travel lane on Marshall Street in front of Singer Hall on the Virginia Commonwealth University/Medical College of Virginia campus. Marshall Street is a one-lane street, and Harris' car was obstructing traffic. The car was unoccupied, but its hazard lights were on.

Harris came out of Singer Hall, and Officer Linger asked to see his driver's license. Officer Linger then ran a check on Harris' license and determined that his license was suspended. Officer Linger also observed that the car displayed a state vehicle inspection rejection sticker noting defective brakes.

Harris admitted that he knew the car had failed inspection, but denied knowing about the license suspension. He told Officer Linger he drove the car for work, making deliveries, and that he had made a delivery in Singer Hall. Officer Linger issued Harris a summons for driving his car on a suspended license in violation of Code § 46.2-301.

The district court convicted Harris of driving a motor vehicle without a license, in violation of Code § 46.2-300. Harris appealed to the trial court.

Upon the conclusion of the evidence in his bench trial, Harris moved to strike the charge, arguing that Code § 19.2-81

-

required Officer Linger to obtain a warrant to charge a misdemeanor offense not committed in his presence.[1]  The Commonwealth responded that no warrant was necessary because Harris told Officer Linger he had been driving; thus, the requirement that the offense be committed in the officer's presence, pursuant to Code § 19.2-81, was satisfied.  The trial court denied the motion and convicted Harris under the summons.

Harris subsequently filed a motion to reconsider restating his contention that Code § 19.2-81 required Officer Linger to charge Harris on a warrant versus a summons, because the offense was not committed in Officer Linger's presence.  The Commonwealth responded that the trial court heard adequate evidence that Harris committed the offense and "[t]hat any defect in the warrant [sic] which would have rendered defendant's arrest unconstitutional would necessarily needed to have been addressed by counsel for the defense in a motion to suppress."  The trial court then denied the motion, finding that the issue was a "statutory question," and that "even though [Harris] wasn't in the car," the evidence proved he was driving.

Harris appeals the trial court's finding in this regard, contending that the court erred in trying Harris on the charge

---

[1] Code § 19.2-81 provides, in relevant part, that police officers "may arrest, without a warrant, any person who commits any crime in the presence of the officer and any person whom he has reasonable grounds or probable cause to suspect of having committed a felony not in his presence."

"where the summons issued was not a valid process to present the charge for trial."  In response, the Commonwealth argues, for the first time on appeal, that Harris procedurally defaulted on this claim because he failed to raise a defense or objection "based upon defects in the institution of the prosecution," seven days prior to trial, as required by Supreme Court of Virginia Rule 3A:9(b) and (c).  We agree.

Rule 3A:9 states, in relevant part, as follows:

> (b)  <u>The Motion Raising Defenses and Objections.</u>
>
> (1)  Defenses and Objections That <u>Must</u> Be Raised Before Trial. - Defenses and objections based on defects in the institution of the prosecution or in the written charge upon which the accused is to be tried, other than that it fails to show jurisdiction in the court or to charge an offense, must be raised by motion made within the time prescribed by paragraph (c) of this Rule.  The motion shall include all such defenses and objections then available to the accused.  <u>Failure to present any such defense or objection as herein provided shall constitute a waiver thereof</u>.  Lack of jurisdiction or the failure of the written charge upon which the accused is to be tried to state an offense shall be noticed by the court at any time during the pendency of the proceeding.
>
> (2)  Defenses and Objections That <u>May</u> Be Raised Before Trial. - In addition to the defenses and objections specified in subparagraph (b)(1) of this Rule, any defense or objection that is capable of determination without the trial of the general issue may be raised by motion before trial.  Failure to present any such defense or objection before the jury returns a

-

verdict or the court finds the defendant
guilty shall constitute a waiver thereof.

* * * * * * *

(c)  Time of Filing Notice or Making
Motion. - A motion referred to in
subparagraph (b)(1) shall be filed or made
before a plea is entered and, in a circuit
court, at least 7 days before the day fixed
for trial, and a copy of such motion shall,
at the time of filing, be mailed to the
judge of the circuit court who will hear the
case, if known.

* * * * * * *

(d)  Relief From Waiver. - For good cause
shown the court may grant relief from any
waiver provided for in this Rule.

(Emphases added.)

"Rule 3A:9 recognizes a class of defenses and motions which
must be raised before trial, and a separate class which may be
raised before trial."  Harward v. Commonwealth, 5 Va. App. 468,
474, 364 S.E.2d 511, 514 (1988).  The plain language of the Rule
states that the requirements of Rule 3A:9(b)(1) are mandatory, and
"[f]ailure to raise such [defenses] properly is a waiver," unless
"good cause" is shown.  Freeman v. Commonwealth, 14 Va. App. 126,
127, 414 S.E.2d 871, 872 (1992); see also Rule 3A:9(b)-(d).

Because Harris did not comply with the notice provisions of
Rule 3A:9 and did not show "good cause," he waived any
"[d]efense[] [or] objection[] based on defects in the institution
of the prosecution or in the written charge upon which [he was] to

-

be tried," including any defense or objection pursuant to Code § 19.2-81.

Although the Commonwealth raised this argument for the first time on appeal, we have long held that "Rule 5A:18 does not require an appellee to raise an issue at trial before it may be considered on appeal, where the issue is not offered to support reversal of a trial court ruling." Driscoll v. Commonwealth, 14 Va. App. 449, 451-52, 417 S.E.2d 312, 313 (1992) ("An appellee is subject to the limitations of Rule 5A:18 only where it asserts an error that seeks to reverse a judgment." (citations omitted)). "The question we must address, therefore, is whether we may apply the right for the wrong reason rationale to affirm the judgment in this case." Id. at 452, 417 S.E.2d at 313. "An appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason." Id. However,

> The rule does not always apply. It may not be used if the correct reason for affirming the trial court was not raised in any manner at trial. In addition, the proper application of this rule does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision.

Id. at 452, 417 S.E.2d at 313-14 (citation omitted).

Here, although stating that Harris should have raised the motion in the form of a motion to suppress, the Commonwealth clearly argued that in making his argument in the form of a motion

-

to strike after the trial had commenced, Harris raised the motion improperly and, therefore, waived any objections made at such a "late juncture."  Thus, the reason for the proper resolution of Harris' motion was raised before the trial court, albeit inartfully, and the facts in the record fully support the procedural bar.  Accordingly, we find the trial court appropriately denied Harris' motion in this regard as Harris had waived any objection with respect to the summons and the trial court.

Therefore, we hold that the trial court was correct, although for the wrong reason, in denying Harris' motion to strike and subsequent motion to reconsider.  Accordingly, we do not address the merits of Harris' argument and affirm the judgment of the trial court.

Affirmed.

Benton, J., with whom, Elder, J., joins, dissenting.

                              I.

    At the conclusion of the Commonwealth's evidence at the
bench trial, Christopher Harris' attorney moved to strike the
evidence because it proved the officer, in violation of Code
§ 19.2-81, "made the arrest by summons . . . [for] a misdemeanor
committed not in [his] presence."  At the conclusion of all the
evidence, Harris renewed his motion to strike.  Thus, Harris'
claim that his arrest was void was properly raised prior to "the
court [finding him] guilty."  Rule 3A:9(b)(2).  Moreover, the
record clearly establishes that on both occasions, the
prosecutor addressed the merits of Harris' motion and did not
argue that the motion was untimely.  The issue the Commonwealth
now raises, i.e., that Harris' appeal "is not reviewable"
because the motion was untimely under Rule 3A:9, is meritless.

    After the trial judge heard arguments on the motion, he
struck the evidence as to reckless driving and found that the
evidence was sufficient to prove Harris was operating the
vehicle.  Thus, he convicted Harris of driving without a license
in violation of Code § 46.2-300.  Before the conviction order
became final, Harris' attorney filed a written motion to
reconsider the judge's ruling concerning the arrest and cited
Davis v. Commonwealth, 17 Va. App. 666, 440 S.E.2d 426 (1994),
and Penn v. Commonwealth, 13 Va. App. 399, 412 S.E.2d 189
(1991), aff'd, 244 Va. 219, 420 S.E.2d 713 (1992).  The

                              -

prosecutor filed a written response asserting that "any defect in the warrant . . . needed to have been addressed . . . in a motion to suppress," that the "challenges should be considered waived at this late juncture," and that the motion was otherwise meritless.  The prosecutor's written response raised no issue concerning Rule 3A:9.  After argument by counsel, the trial judge ruled that Harris was raising a "statutory" issue, that the evidence "would show that [Harris] was driving," and that the evidence "was sufficient" to support the conviction.  For those reasons, the trial judge overruled the motion to reconsider.

Even if Rule 3A:9(b)(1) and (c) apply, as the Commonwealth now contends for the first time on appeal, the trial judge's ruling disposed of this issue.  Rule 3A:9(d) provides that "[f]or good cause shown the court may grant relief from any waiver provided for in this Rule."  After failing to argue that Harris' claims in the motions to strike the evidence were untimely under Rule 3A:9, the prosecutor later objected to the trial judge's reconsideration of this issue and raised the matter of timeliness only in a general manner.  The trial judge again ruled on the merits of Harris' claim without addressing the timeliness issue.  The trial judge, therefore, implicitly waived the requirement of the Rule.  "Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity."  Napert v. Napert, 261 Va. 45,

-

47, 540 S.E.2d 882, 884 (2001). Because the trial judge ruled on the merits of the motion, the judge's order "is entitled to a presumption that the trial court dispensed with the Rule's requirements." Id. Thus, I would hold that, even if Rule 3A:9(b)(1) and (c) are applicable, implicit in the trial judge's ruling addressing the merits of the issue was a finding that the trial judge granted relief from the time constraints of Rule 3A:9.

In addition, it bears noting that the Commonwealth's contention that Harris' appeal "is not reviewable pursuant to Rules 3A:9(b) and (c)" is an attempt to appeal an evidentiary ruling. The Commonwealth failed to assert at trial either that Rule 3A:9(b)(2) was inapplicable or that Rule 3A:9(c) precluded consideration of Harris' claim. Thus, by asserting in the course of Harris' appeal the trial judge's failure to explicitly address what is implicit in his ruling, the Commonwealth is merely appealing the trial judge's consideration of the claim on its merits. See Campbell v. Commonwealth, 246 Va. 174, 187 n.11, 431 S.E.2d 648, 655 n.11 (1993). We have also previously ruled in other decisions that "the Commonwealth cannot use [the right result for the wrong reason rule] as a subterfuge for a constitutionally prohibited cross-appeal." Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992). The rule "may not be used if the correct reason for affirming the trial court was not raised in any manner at trial." Id.

-

Furthermore, in Neal v. Commonwealth, 27 Va. App. 233, 236 n.1, 498 S.E.2d 422, 424 n.1 (1998), we noted that when the Commonwealth failed to object to the timeliness of a motion and the judge ruled on the merits of the motion favorable to the Commonwealth, the issue of timeliness is moot on appeal. This rule is consistent with the Supreme Court's holding that appellate courts should "not . . . permit the Commonwealth to accomplish indirectly what it cannot do directly." Hart v. Commonwealth, 221 Va. 283, 290, 269 S.E.2d 806, 811 (1980). For these reasons, I would reach the merits of this appeal without revisiting the trial judge's implicit ruling waiving the time requirement.

## II.

The evidence in this case proved the police officer only saw Harris emerge from the building and did not see him in the automobile. The officer arrested Harris for violating Code § 46.2-301, which prohibits "driv[ing]" a motor vehicle while his license has been suspended and provides for punishment as a misdemeanor. In accord with well established principles, we must strictly construe this criminal statute, Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991), and give Harris the benefit of any reasonable doubt about the construction of the statute. Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982). As the Supreme Court has "pointed out . . . 'driving' an automobile means putting it

-

in motion." Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975). The term "driving" denotes a more narrow set of circumstances than "operating" an automobile. Id. Indeed, the Supreme Court has adopted the generally accepted view "that 'operate' has a broader meaning than 'driving' and includes 'not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle.'" Gallagher v. Commonwealth, 205 Va. 666, 669, 139 S.E.2d 37, 39 (1964) (citation omitted).

Because Harris did not "drive" the automobile in the officer's presence, the officer could not validly charge him with a violation of Code § 46.2-301 by means of a summons. See Code § 19.2-81 (providing that an officer may arrest without a warrant only when the person commits an offense in the officer's presence or a felony not in the officer's presence).

> It is settled that unless the arrest is one within the various statutory exceptions to the general rule, a police officer may not arrest a misdemeanant without a warrant except when an officer has personal knowledge acquired by his personal senses that an offense was committed in his presence. See Code § 19.2-81. "An offense is committed within the presence of an officer, within the meaning of this rule, when he has direct personal knowledge, through his sight, hearing, or other senses that it is then and there being committed." Galliher v. Commonwealth, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933).

–

Durant v. City of Suffolk, 4 Va. App. 445, 447, 358 S.E.2d 732, 733 (1987).

Even if we were to assume, however, as the Commonwealth argues, that the prohibition in Code § 46.2-301 against "driv[ing]" while unlicensed is broad enough to include "operating" the automobile, the evidence proved the officer did not observe Harris operate the automobile, engage the emergency flashers, or stop the automobile on the street. Although he did not see Harris perform any of those activities, he nevertheless arrested Harris on a summons. Thus, the material facts in Harris' case cannot be distinguished from those in Davis, where we held that an arrest on a summons for operating an automobile after a license suspension was invalid. There, the person who previously operated the automobile and left it on the paved surface of the road was not operating it in the officer's presence. 17 Va. App. at 668, 440 S.E.2d at 428. We held as follows:

> The offense of operating a motor vehicle on a suspended license ended when the appellant stopped driving the car and did not continue thereafter. Although the trooper developed evidence of the commission of that offense, no part of the offense was committed in his presence. Therefore, he lacked authority to arrest the appellant on that charge without a warrant. The arrest was unlawful, and the summons issued on that charge was not a valid process to present

-

that charge for trial.  The trial court erred in trying that charge without a valid process.

Id. at 672, 440 S.E.2d at 430.

Likewise, the evidence at Harris' trial is consistent with Overbee v. Commonwealth, 227 Va. 238, 315 S.E.2d 242 (1984), where the Supreme Court held as follows:

In the present case, . . . Overbee was not in his vehicle when the officer found him.  The engine was not running; the ignition key had been removed.  Overbee's possession of the keys may have given him the means of effecting control over the truck, but he cannot be said to have been in actual physical control of the vehicle when he was standing in front of it on the highway.  We hold that Overbee was not operating his truck when Trooper Lacey approached and arrested him.

Id. at 243, 315 S.E.2d at 244.

Absent proof that the motor of the automobile was activated, the evidence that the emergency flashers were blinking does not prove the automobile was then being operated. No evidence proved the emergency flashers "will activate the motive power of the vehicle." Williams, 216 Va. at 300, 217 S.E.2d at 896.  Indeed, in Overbee, the accused's presence at the front of the truck, where the hood of the truck had been unlatched and was open, was not proof he was operating the truck.  227 Va. at 240-41, 315 S.E.2d at 243.  Thus, unlike in Williams, where the "motor of the car was running" and "the defendant made a 'motion' to the gearshift" before he "cut off"

-

the motor, 216 Va. at 301, 217 S.E.2d at 896, no evidence proved that Harris was "operating" the automobile.  "'Operating' . . . means engaging the machinery of the vehicle which alone, or in sequence, would have activated its motive power."  Id. at 300, 217 S.E.2d at 896.  See also Stevenson v. City of Falls Church, 243 Va. 434, 438, 416 S.E.2d 435, 438 (1992) (holding that "[b]ecause the presence of the key in the ignition switch in the off position did not engage the mechanical or electrical equipment of Stevenson's car, Stevenson[, who was slumped behind the steering wheel,] did not 'drive or operate' the car within the meaning of the statutes" (emphasis added)).

For these reasons, even if the prohibition in Code § 46.2-301 against "driving" could be read to mean "operating," I would reverse the conviction and remand per our holding in Davis.  I would hold, however, that no evidence proved Harris was driving the car in the officer's presence.  Therefore, I would reverse the conviction for violating Code § 46.2-300 and remand it to the circuit court.

-