BENTON, J., with whom, ELDER, J.,
joins, dissenting.
I.
At the conclusion of the Commonwealth’s evidence at the bench trial, Christopher Harris’ attorney moved to strike the evidence because it proved the officer, in violation of Code *677 § 19.2-81, “made the arrest by summons ... [for] a misdemeanor committed not in [his] presence.” At the conclusion of all the evidence, Harris renewed his motion to strike. Thus, Harris’ claim that his arrest was void was properly raised prior to “the court [finding him] guilty.” Rule 3A:9(b)(2). Moreover, the record clearly establishes that on both occasions, the prosecutor addressed the merits of Harris’ motion and did not argue that the motion was untimely. The issue the Commonwealth now raises, i.e., that Harris’ appeal “is not reviewable” because the motion was untimely under Rule 3A:9, is meritless.
After the trial judge heard arguments on the motion, he struck the evidence as to reckless driving and found that the evidence was sufficient to prove Harris was operating the vehicle. Thus, he convicted Harris of driving without a license in violation of Code § 46.2-300. Before the conviction order became final, Harris’ attorney filed a written motion to reconsider the judge’s ruling concerning the arrest and cited Davis v. Commonwealth, 17 Va.App. 666, 440 S.E.2d 426 (1994), and Penn v. Commonwealth, 13 Va.App. 399, 412 S.E.2d 189 (1991), aff'd, 244 Va. 218, 420 S.E.2d 713 (1992). The prosecutor filed a written response asserting that “any defect in the warrant ... needed to have been addressed ... in a motion to suppress,” that the “challenges should be considered waived at this late juncture,” and that the motion was otherwise merit-less. The prosecutor’s written response raised no issue concerning Rule 3A:9. After argument by counsel, the trial judge ruled that Harris was raising a “statutory” issue, that the evidence “would show that [Harris] was driving,” and that the evidence “was sufficient” to support the conviction. For those reasons, the trial judge overruled the motion to reconsider.
Even if Rule 3A:9(b)(l) and (c) apply, as the Commonwealth now contends for the first time on appeal, the trial judge’s ruling disposed of this issue. Rule 3A:9(d) provides that “[f]or good cause shown the court may grant relief from any waiver provided for in this Rule.” After failing to argue that Harris’ claims in the motions to strike the evidence were untimely under Rule 3A:9, the prosecutor later objected to the trial *678 judge’s reconsideration of this issue and raised the matter of timeliness only in a general manner. The trial judge again ruled on the merits of Harris’ claim without addressing the timeliness issue. The trial judge, therefore, implicitly waived the requirement of the Rule. “Courts are presumed to act in accordance with the law and orders of the court are entitled to a presumption of regularity.” Napert v. Napert, 261 Va. 45, 47, 540 S.E.2d 882, 884 (2001). Because the trial judge ruled on the merits of the motion, the judge’s order “is entitled to a presumption that the trial court dispensed with the Rule’s requirements.” Id. Thus, I would hold that, even if Rule 3A:9(b)(l) and (c) are applicable, implicit in the trial judge’s ruling addressing the merits of the issue was a finding that the trial judge granted relief from the time constraints of Rule 3A:9.
In addition, it bears noting that the Commonwealth’s contention that Harris’ appeal “is not reviewable pursuant to Rules 3A:9(b) and (c)” is an attempt to appeal an evidentiary ruling. The Commonwealth failed to assert at trial either that Rule 3A:9(b)(2) was inapplicable or that Rule 3A:9(c) precluded consideration of Harris’ claim. Thus, by asserting in the course of Harris’ appeal the trial judge’s failure to explicitly address what is implicit in his ruling, the Commonwealth is merely appealing the trial judge’s consideration of the claim on its merits. See Campbell v. Commonwealth, 246 Va. 174, 187 n. 11, 431 S.E.2d 648, 655 n. 11 (1993). We have also previously ruled in other decisions that “the Commonwealth cannot use [the right result for the wrong reason rule] as a subterfuge for a constitutionally prohibited cross-appeal.” Driscoll v. Commonwealth, 14 Va.App. 449, 452, 417 S.E.2d 312, 313 (1992). The rule “may not be used if the correct reason for affirming the trial court was not raised in any manner at trial.” Id.
Furthermore, in Neal v. Commonwealth, 27 Va.App. 233, 236 n. 1, 498 S.E.2d 422, 424 n. 1 (1998), we noted that when the Commonwealth failed to object to the timeliness of a motion and the judge ruled on the merits of the motion favorable to the Commonwealth, the issue of timeliness is *679 moot on appeal. This rule is consistent with the Supreme Court’s holding that appellate courts should “not ... permit the Commonwealth to accomplish indirectly what it cannot do directly.” Hart v. Commonwealth, 221 Va. 283, 290, 269 S.E.2d 806, 811 (1980). For these reasons, I would reach the merits of this appeal without revisiting the trial judge’s implicit ruling waiving the time requirement.
II.
The evidence in this case proved the police officer only saw Harris emerge from the building and did not see him in the automobile. The officer arrested Harris for violating Code § 46.2-301, which prohibits “driv[ing]” a motor vehicle while his license has been suspended and provides for punishment as a misdemeanor. In accord with well established principles, we must strictly construe this criminal statute, Jimenez v. Commonwealth, 241 Va. 244, 251, 402 S.E.2d 678, 681 (1991), and give Harris the benefit of any reasonable doubt about the construction of the statute. Martin v. Commonwealth, 224 Va. 298, 300-01, 295 S.E.2d 890, 892 (1982). As the Supreme Court has “pointed out ... ‘driving’ an automobile means putting it in motion.” Williams v. City of Petersburg, 216 Va. 297, 300, 217 S.E.2d 893, 896 (1975). The term “driving” denotes a more narrow set of circumstances than “operating” an automobile. Id. Indeed, the Supreme Court has adopted the generally accepted view “that ‘operate’ has a broader meaning than ‘driving’ and includes ‘not only the motion of the vehicle but also acts which engage the machinery of the vehicle that, alone or in sequence, will set in motion the motive power of the vehicle.’ ” Gallagher v. Commonwealth, 205 Va. 666, 669, 139 S.E.2d 37, 39 (1964) (citation omitted).
Because Harris did not “drive” the automobile in the officer’s presence, the officer could not validly charge him with a violation of Code § 46.2-301 by means of a summons. See Code § 19.2-81 (providing that an officer may arrest without a warrant only when the person commits an offense in the officer’s presence or a felony not in the officer’s presence).
*680 It is settled that unless the arrest is one within the various statutory exceptions to the general rule, a police officer may not arrest a misdemeanant without a warrant except when an officer has personal knowledge acquired by his personal senses that an offense was committed in his presence. See Code § 19.2-81. “An offense is committed within the presence of an officer, within the meaning of this rale, when he has direct personal knowledge, through his sight, hearing, or other senses that it is then and there being committed.” Galliher v. Commonwealth, 161 Va. 1014, 1021, 170 S.E. 734, 736 (1933).
Durant v. City of Suffolk, 4 Va.App. 445, 447, 358 S.E.2d 732, 733 (1987).
Even if we were to assume, however, as the Commonwealth argues, that the prohibition in Code § 46.2-301 against “driving]” while unlicensed is broad enough to include “operating” the automobile, the evidence proved the officer did not observe Harris operate the automobile, engage the emergency flashers, or stop the automobile on the street. Although he did not see Harris perform any of those activities, he nevertheless arrested Harris on a summons. Thus, the material facts in Harris’ case cannot be distinguished from those in Davis, where we held that an arrest on a summons for operating an automobile after a license suspension was invalid. There, the person who previously operated the automobile and left it on the paved surface of the road was not operating it in the officer’s presence. 17 Va.App. at 668, 440 S.E.2d at 428. We held as follows:
The offense of operating a motor vehicle on a suspended license ended when the appellant stopped driving the car and did not continue thereafter. Although the trooper developed evidence of the commission of that offense, no part of the offense was committed in his presence. Therefore, he lacked authority to arrest the appellant on that charge without a warrant. The arrest was unlawful, and the summons issued on that charge was not a valid process *681 to present that charge for trial. The trial court erred in trying that charge without a valid process.
Id. at 672, 440 S.E.2d at 430.
Likewise, the evidence at Harris’ trial is consistent with Overbee v. Commonwealth, 227 Va. 238, 315 S.E.2d 242 (1984), where the Supreme Court held as follows:
In the present case, ... Overbee was not in his vehicle when the officer found him. The engine was not running; the ignition key had been removed. Overbee’s possession of the keys may have given him the means of effecting control over the truck, but he cannot be said to have been in actual physical control of the vehicle when he was standing in front of it on the highway. We hold that Overbee was not operating his truck when Trooper Lacey approached and arrested him.
Id. at 243, 315 S.E.2d at 244.
Absent proof that the motor of the automobile was activated, the evidence that the emergency flashers were blinking does not prove the automobile was then being operated. No evidence proved the emergency flashers “will activate the motive power of the vehicle.” Williams, 216 Va. at 300, 217 S.E.2d at 896. Indeed, in Overbee, the accused’s presence at the front of the truck, where the hood of the track had been unlatched and was open, was not proof he was operating the track. 227 Va. at 240-41, 315 S.E.2d at 243. Thus, unlike in Williams, where the “motor of the car was running” and “the defendant made a ‘motion’ to the gearshift” before he “cut off’ the motor, 216 Va. at 301, 217 S.E.2d at 896, no evidence proved that Harris was “operating” the automobile. “ ‘Operating’ ... means engaging the machinery of the vehicle which alone, or in sequence, would have activated its motive power.” Id. at 300, 217 S.E.2d at 896. See also Stevenson v. City of Falls Church, 243 Va. 434, 438, 416 S.E.2d 435, 438 (1992) (holding that “[bjecause the presence of the key in the ignition switch in the off position did not engage the mechanical or electrical equipment of Stevenson’s car, Stevenson[, who was *682 slumped behind the steering wheel,] did not ‘drive or operate’ the car within the meaning of the statutes” (emphasis added)).
For these reasons, even if the prohibition in Code § 46.2-301 against “driving” could be read to mean “operating,” I would reverse the conviction and remand per our holding in Davis. I would hold, however, that no evidence proved Harris was driving the car in the officer’s presence. Therefore, I would reverse the conviction for violating Code § 46.2-300 and remand it to the circuit court.