COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued by teleconference


JOHN HENRY LEWIS

                                              MEMORANDUM OPINION* BY
v.       Record No. 1770-03-2            JUDGE WILLIAM H. HODGES
                                                    JUNE 29, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

William T. Linka (Richmond Criminal Law, on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


John Henry Lewis, appellant, contends the trial court erred in refusing to give his proffered

jury instruction.  We disagree and affirm the trial court.

BACKGROUND

Appellant was charged with three felonies committed against his wife, Sheila Lewis:

abduction, malicious wounding and grand larceny.  At the time of the offenses, appellant and

Sheila were separated.  Sheila had agreed to give appellant a ride to the hospital.  Appellant met

Sheila at a nail salon.  Sheila asked appellant to drive her car because her nails had just been

manicured.

Sheila testified at trial that during the drive, appellant began berating her for having him

arrested and for allegedly having an affair.  While they argued, appellant drove erratically on the

interstate, causing Sheila to become uncomfortable.  Fearful of appellant, Sheila tried to get out

---
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of the car after appellant exited the interstate and slowed down at a traffic signal. However, appellant prevented her from doing so. Appellant grabbed Sheila's hand and removed her wedding band. According to Sheila, appellant then "took [her] finger and stuck it in his mouth." When Sheila eventually exited the car, she discovered that appellant had bitten off the tip of her finger at the uppermost joint. Sheila ran in the opposite direction the car was heading, and appellant "got out of the driver's seat, came behind" her, grabbed her and ordered her to return to her car.

A bystander, Barbara Fajardo, heard Sheila scream and saw her jump out of the car and run. Fajardo saw appellant chase Sheila, push her against a wall and place his hand over her mouth. Appellant tried to force Sheila toward the car, but he eventually let her go and fled in Sheila's car.

Appellant testified that "[t]he car was still rolling" when Sheila said she wanted to get out, so he "grabbed her arm" and "tried to keep her from getting out of the [moving] car." He claimed it was traveling at 35 mph and testified:

> And then she pushed away trying to get out of the car, and her
> finger went in my mouth and cut my lip. Accidentally, I must have
> snapped down on it, and she snatched it out by the time I snapped
> down on it. . . . Then she ran out of the car.

Continuing, appellant testified: "Then I went and grabbed her, asked her what's she doing." Regarding the finger, appellant stated, "She was trying to push to get away from me, and I clamped down on her about the same time she snatched it out of my mouth." Appellant denied grabbing her hand and putting it in his mouth.

At the conclusion of the presentation of evidence, appellant moved to strike the evidence. As to the abduction charge, appellant argued:

> Judge, there has to be a distinct crime of abduction and any
> other offense that is committed in the same presence, Judge. Here
> we have – the highest the Commonwealth's evidence rises at this

point, Judge, is we have this detention that's taking place in close proximity and time to the alleged wounding of Ms. Lewis.

Judge, the Brown case at 230 Va. 310,[1] Judge – and I have a copy for the Court – Judge, discusses a situation very similar to this, where a person is abducted and the car is taken away. The Virginia Supreme Court said that you can't have a person be found guilty of abduction if it's an incidental act of the predicate offense.

So I would suggest to the Court that the Commonwealth is saying that the abduction took place so that the wounding could take place, Judge. Then, at some point, we have no evidence before you that allows the Court to determine there are two distinctive offenses, and the abduction case must fall.

The Commonwealth argued:

[T]he Commonwealth proved that the abduction was a separate and distinct crime [from] the malicious wounding. The evidence was that there were two abductions in this case. The first is the first struggle in the car that was previous to even the malicious wounding. The victim testified that she was trying to get out, he was trying to hold her into [sic] the car for a matter of moments, and there was a struggle there that ensued. Then the malicious wounding of her occurred.

Prior to the malicious wounding, the defendant struggled with her. He admitted he struggled with her for the express purpose of holding her in the car. And we would submit to the Court that was because he was angry and he wanted to continue to verbally assault her. At that time, the confrontation became more violent, which is when the malicious wounding happened.

Second, there's another abduction that's occurred after the car, after the victim was able to escape. She's running down the highway and he is in close pursuit. At that time, he attaches himself to her body, detains her, says, get back in the car, get back in the car. He's cursing her, threatening to kill her, and he's doing this so that she cannot contact the police. This is a separate – two separate abductions, clearly distinct from the actual malicious wounding.

The trial court denied the motion to strike the abduction charge, noting that the "issue of credibility is for the jury." The trial court found that the

evidence is sufficient for the jury to find that there were two abductions, one that occurred in the car. Assuming the Court credits the defendant's testimony that he only wanted to stop her from getting out of a car that was rolling, when she did get out, he

---

[1] Brown v. Commonwealth, 230 Va. 310, 337 S.E.2d 711 (1985).

chased her and tried to detain her . . . . So there is clearly evidence of two abductions here.

There is no issue as to restraint. The Court has read <u>Brown v. Commonwealth</u>, and the detention for either abduction – the abduction in the car and the abduction outside the car – are separate and apart from the restraint that would be employed for any of the other offenses. The Court also notes that in <u>Brown</u>, one of the offenses was rape, which actually requires force or intimidation as an element of the offense.

So the motion is denied as to the abduction, because there are two acts of the defendant, either of which would be sufficient for the jury to find the defendant guilty of abduction. Again, the defendant has testified and offered no explanation as to why he didn't let her get out of the car.

The trial court granted Instruction 13, which defined the elements of abduction. It tracked the language of Virginia Model Jury Instruction No. G4.100. Specifically, the instruction required the Commonwealth to prove that appellant "by force did seize or detain Sheila Lewis," that he "did so with the intent to deprive [her] of her personal liberty," and that "[t]he defendant acted without legal justification or excuse."

Appellant proffered the following jury instruction:

If you find that the detention of Sheila Lewis is incidental to an assault upon her, you may not find John Lewis guilty of abduction.

The Commonwealth objected, arguing "it gives a presumption that there's an assault, and the charges are malicious wounding. So with the saying, incidental to assault, I think that language clearly prejudices the Commonwealth. And secondly, Your Honor, it's not a model jury instruction from out of the model instruction book."

The trial court refused to give the instruction, finding it did not "accurately state the law," and if it did, "the Court would not have denied the motion to strike." It also rejected the instruction "for the reasons as stated by the Commonwealth."

The jury found appellant guilty of abduction, assault and battery and unauthorized use of an automobile.

- 4 -

DISCUSSION

Upon review of jury instructions given or refused at trial, our responsibility is "to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982). When reviewing a trial judge's decision refusing a proffered jury instruction, "'the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to [the proponent of the instruction].'" Hartigan v. Commonwealth, 31 Va. App. 243, 257, 522 S.E.2d 406, 412 (1999) (quoting Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992)). Moreover, the proffered instruction "must be supported by more than a mere scintilla of evidence." Gibson v. Commonwealth, 216 Va. 412, 417, 219 S.E.2d 845, 849 (1975). An instruction that is not supported by the evidence, however, is properly refused. Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986). Moreover, "an otherwise correct instruction, relating to a question to be decided by the jury, 'shall not be withheld from the jury solely for its non-conformance with model jury instructions.'" Davis v. Commonwealth, 17 Va. App. 666, 673, 440 S.E.2d 426, 431 (1994) (quoting Code § 19.2-263.2).

In Brown, the defendant appealed his conviction of abduction with intent to defile following his convictions for rape and forcible sodomy, arguing that any detention of the victim arose out of the restraint necessary to commit the other crimes. He argued that he could not be punished for both rape and abduction with intent to defile because "such conduct constitutes the same offense . . . ." Brown, 230 Va. at 313, 337 S.E.2d at 713. The Supreme Court of Virginia affirmed his conviction for abduction, holding:

> one accused of abduction . . . and another crime involving restraint of the victim, both growing out of a continuing course of conduct, is subject upon conviction to separate penalties for separate offenses *only when the detention committed in the act of abduction*

> *is separate and apart from, and not merely incidental to, the*
> *restraint employed in the commission of the other crime.*

Id. at 314, 337 S.E.2d at 713-14 (emphasis added).

We find no error in the trial court's refusal of the instruction under the facts and circumstances of this case. Assuming without deciding that an instruction was warranted as to the abduction inside the vehicle, the evidence was nonetheless insufficient to support the instruction as to the second abduction.

Viewed in the light most favorable to appellant, see Hartigan, 31 Va. App. at 257, 522 S.E.2d at 412, the evidence proved that appellant followed Sheila after she fled from the car and "grabbed her." Clearly, the restraint appellant employed against Sheila after she exited the car to flee from him was not incidental to the restraint used to bite off her finger. Because the instruction was not "supported by more than a mere scintilla of evidence," Gibson, 216 Va. at 417, 219 S.E.2d at 849, the trial court did not err in refusing it. See Frye, 231 Va. at 388, 345 S.E.2d at 280.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.